[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Walter Murasky, alleges in his substituted complaint that he has been employed for approximately 25 years by the defendant, the Post Publishing Company, which owns Bridgeport Post. The plaintiff alleges that he was injured while working as a foreman in the newspaper's press room.
The plaintiff sues the defendant in four counts and alleges that the defendant retaliated against the plaintiff because the plaintiff filed a claim for Workers' Compensation benefits. The first count alleges a violation of a workers' compensation statute. Counts two, three and four alleges violations of the Connecticut Unfair Trade Practices Act, Conn. General Statutes42-110g et seq. ("CUTPA").
The defendant moves to strike the CUTPA counts on the ground that they are legally insufficient in that an employer/employee relationship cannot be the basis for a CUTPA claim. The plaintiff opposes the motion, and each party has filed a supporting memorandum of law. Following oral argument the defendant filed a supplemental memorandum of law bringing to the attention of the court a case which had been decided subsequent to argument which is depositive of the motion.
A motion to strike contests the legal sufficiency of a pleading. Practice Book 152. The issue is whether allegations of unfair acts committed in an employer/employee relationship can sustain a CUTPA claim. Until Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, ___ A.2d ___ (1992). the superior courts had been split on this issue.
"The plaintiff does not allege that the defendant committed these acts `in the conduct of any trade or commerce.' . . . The relationship in this case is not between a consumer and a commercial vendor, but rather between an employer and an employee . . . . the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA." (Citations and footnote omitted.) Quimby, supra, 670. Following the teaching of the Quimby court this court must grant the motion to strike the plaintiff's CUTPA claims.
Accordingly defendant's motion to strike counts two through four is hereby GRANTED.
CT Page 8575 L. SCOTT MELVILLE, JUDGE