[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In the fifth count of the second revised complaint, the plaintiff alleges a violation of the Connecticut Unfair Insurance Practices ACt ("CUIPA"), General statutes Sections38a-815 and 38a-816(6). In that count, the plaintiff alleges various unfair and deceptive insurance practices by the defendant and its agents with regard to his insurance claim arising out of medical treatment received by him for his retinal disorders.
The plaintiff claims there were so many such acts that they amounted to a "general business practice." The defendant has moved to strike this count on the grounds that the plaintiff has failed to allege sufficient facts to establish that the defendant subscribes to unfair insurance procedures so as to rise to the required level of a "general business practice."
The issue is whether allegations contained in a CUIPA claim under General statutes Section 38a-816(a), amounting to a course of conduct of involving several alleged unfair settlement procedures against only one individual's settlement claim, is sufficient to meet the requirement of alleging a "general business practice."
General Statutes Section 38a-815 states in relevant part that "[n]o person shall engage in this state in any trade CT Page 1570 practice which is defined in section 38a-816 as . . . an unfair or deceptive act or practice in the business of insurance . . . ." General statutes Section 38a-816 lists various unfair and deceptive acts in the insurance business which are prohibited. Subsection (6) of 38a-816, upon which the plaintiff bases his CUIPA claim, deals with "unfair claims settlement practices." In order to make out a legally sufficient claim under this section, a claimant must allege the insurer committed or performed any one of the following acts "with such frequency as to indicate a general business practice" (emphasis supplied):
 (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (b) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (f) not attempting in good faith to effect prompt, fair and equitable settlements of claims in which liability has become reasonably clear; . . . (n) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement . . . .
An examination of the count in issue shows that the plaintiff has alleged a number of acts of unfair settlement procedures involving his individual claim.
The Connecticut Supreme Court has elected to reserve decision on whether CUIPA even authorizes a private cause of action. See, Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11
(1986); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507,521 n. 12, 442 A.2d 920 (1982).
The Appellate Court seems to indicate a necessity of pleading that an insurer had engaged in similar conduct with others involving similar claims to meet the requirement that the defendant company had committed the alleged wrongful acts with CT Page 1571 such frequency as to indicate a general business practice. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 671-72, ___ A.2d ___ (1992).
At the trial level, there is a split in the Superior Court decisions on whether the allegation of a number of violations of General Statutes Sec. 38a-816(6) against an individual constitutes a general business practice. At least one court has found that the allegation of more than a single act of unfair settlement practice by an individual concerning the settlement of a single claim satisfied the requirement of a general business practice. Sambuco v. Aetna Casualty Surety Co., 4 C.L.R. 74
(May 14, 1191, Karazin, J.). There are other cases to the contrary. See, for example, Lees v. Middlesex Ins. Co., 7 C.T.L.R. 297 (September 3, 1992, Lewis, J.).
This court believes the most reasonable interpretation of the requirement for alleging and establishing a "general business practice," and that which this court adopts in the present case, was that enunciated by United States District Judge Ellen Bree Burns in the case of Cole v. Metropolitan Property Liability Ins. Co., 10 Conn. Law Trib. No. 45, p. 7 (D.Conn., June 13, 1984):
 Plaintiffs must allege the commission of acts, covered by subsection (6); "with such frequency as to indicate a general business practice." A "general" business practice is one which is prevalent, usual and pertaining to the greatest number of persons, cases or occasions. Webster's New International Dictionary (2d Ed. 1960). General business practices, then, are those which pertain or are applicable to a number of cases or occasions. This complaint, which alleges the commission of acts relative to plaintiffs' claim alone, does not rise to the level of practices committed "with such frequency as to indicate a general business practice."
The defendant's motion to strike the fifth count is granted.
NIGRO, J. CT Page 1572