[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Connecticut Supreme Court as yet has not addressed the issues of whether CUTPA applies to employee/employer relationships. The Connecticut Appellate Court and the federal courts have held that the employment relationship is not in itself trade or commerce for the purposes of CUTPA. Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,670, 613 A.2d 838 91992); Kinter v. NIDEC-TORIN Corp.,622 F. Sup. 112, 113 (D. Conn. 1987); Baberjee v. Robert, 641 F. Sup. 1093,1108 (D. Conn. 1986). The present case mirrors Quimby v. Kimberly Clark Corp in that,
 [t]he Plaintiff does not allege that the defendant committed these acts `in the conduct of any trade or commerce' . . . . The relationship in this case is not between a consumer and a commercial vendor, but between an employer and an employee. There is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff.
Quimby v. Kimberly Clark Corporation, supra, 670. Although "an CT Page 2937 employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purposes of CUTPA." Quimby v. kimberly Clark Corporation, supra, 670, quoting Baberjee v. Robert, supra, 1108. This court follows the holding of the court in Quimby v. Kimberly Clark Corporation, supra, 670, and hereby grants the defendant's motion to strike.
FORD, JUDGE