[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Steven M. Sall, originally filed a six count complaint against the defendant, Jones Apparel Group, Inc. (Jones Apparel), on June 11, 1992. The complaint arises out of a former employment relationship between plaintiff and defendant. Jones Apparel filed a motion to strike (#103) the third, fourth and sixth counts of plaintiff's complaint. On September 14, 1992, Nigro, J. denied defendant's motion with respect to count four and granted the motion with respect to counts three and six respectively. Thereafter, on September 23, 1992, plaintiff filed an amended six count complaint. Defendant filed another motion to strike (#114) directed at counts three and six of the amended complaint. CT Page 4722
At short calendar on February 8, 1993, defendant's motion to strike count three, sounding in fraud, was denied from the bench. The remaining issue to be determined is whether defendant's motion to strike a claim in the sixth count alleging a violation of General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), should also be granted.
Sall's CUTPA claim is based on the following facts alleged in his amended complaint. Plaintiff was an employee of Jones Apparel. Pursuant to an agreement with defendant, plaintiff earned commissions on orders he procured. Such commissions were generally earned when the goods were shipped. In July of 1991, plaintiff informed defendant of his intention to terminate his employment at the end of the month so as to create his own apparel business. This business would directly compete with Jones Apparel. Plaintiff claims that notwithstanding his departure, he was to receive commissions on orders attributable to him and shipped in 1991.
Although Sall was under the impression that the separation was "amicable," he claims that defendant has failed to deliver his May commission statement for April, 1991 shipments as well as any commission statement thereafter. In addition, plaintiff alleges that he has failed to receive payment for the commissions he earned on the April shipments and each shipment thereafter. Plaintiff claims that defendant's refusal to pay the commissions occurred after plaintiff had terminated his employment relationship with defendant. Plaintiff claims that, "upon information and belief," defendant's refusal to pay the commissions was an attempt to interfere with his efforts to start a competing business. Plaintiff alleges that the acts or practices carried on by defendant in furtherance of its "scheme" constitute violations of CUTPA.
The function of a motion to strike was summarized by our Supreme Court in Westport Bank and Trust Company v. Corcoran, Mallin and Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992), in these words: "A motion to strike challenges the legal sufficiency of a pleading . . . In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff . . . This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or options stated in the complaint . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal citations and quotations CT Page 4723 omitted.)
Thus, our task is to assume the facts in the complaint are true, and then to determine whether it states a cause of action. Defendant argues, inter alia, that plaintiff has not satisfied the "trade or commerce" requirement of CUTPA. Defendant alleges that it is settled law that CUTPA does not apply to disputes arising out of the employer-employee relationship. In contrast, plaintiff claims that the alleged activities giving rise to the CUTPA claim were conducted after the termination of the employment relationship. Sall argues that he has stated a valid CUTPA claim since he has alleged the failure to pay the commissions took place after the termination of the employment relationship and was an attempt by defendant to interfere with plaintiff's competing business.
CUTPA states that "[no] person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes 42-110b(a). "`Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes 42-110a(4).
"[T]he employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA." (Citations omitted.) Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 670, 613 A.2d 838 (1992). "[A]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA." (Citations omitted.) Id. In striking plaintiff employee's CUTPA claim against defendant employer, in Quimby, the court noted that plaintiff made "no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff." Id.
Plaintiff did not inform defendant he was leaving until mid-July of 1991. According to the amended complaint, plaintiff has not received a commission check since April, 1991 for shipments made in March, 1991; plaintiff also has not received a commission statement since April, 1991. Based on the information in the amended complaint, the failure to pay commissions allegedly due and owing did not only occur subsequent to the termination of the CT Page 4724 employment relationship but also prior to such termination. It is settled law that the employment relationship is not "trade" or "commerce" for the purposes of maintaining a CUTPA claim. See Quimby, supra. Plaintiff has not sufficiently alleged that the defendant has engaged in any "trade" or "commerce" with respect to the plaintiff. See Id.
Plaintiff has alleged that an employer-employee relationship existed. The alleged outstanding commissions were all earned as the result of plaintiff's efforts while the employee of defendant. Plaintiff's right to earn those commissions was based on the employment relationship. The dispute upon which plaintiff bases his CUTPA claim arises solely out of the employment relationship. Regardless of plaintiff's assertion that he has a valid CUTPA claim based on the allegation that defendant's refusal to pay occurred subsequent to the termination of the employment relationship, the nature of the dispute arises exclusively out of the employment relationship.
While plaintiff may believe he was treated unfairly, he has not alleged a legally sufficient claim under CUTPA. See Quimby, supra; General Statutes 42-110b(a). Therefore, defendant's motion to strike count six of the amended complaint is granted.
So Ordered.
Dated at Stamford, Connecticut this 12th day of May, 1993.
WILLIAM BURKE LEWIS, JUDGE