[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Plaintiff's Motion to Strike
FACTS
The plaintiff, Ella Mae Moore, alleges the following facts in her complaint filed March 23, 1993. She lives with her children in a public housing project managed by the defendant, which is subject to federal law via the Department of Housing and Urban CT Page 9275-A Development (HUD) and 42 U.S.C. § 1437 et seq. The plaintiff and her children were constructively evicted from their apartment and have, for the last month, been sleeping on the floor of her pastor's house. The apartment was unsafe because of the existence of certain conditions such as extensive water damage, a rear exit door being nailed shut, broken doors and windows allowing easy access by intruders, infestation by cockroaches and the absence of a smoke detector. Although required to do so by federal law, defendant has not repaired the conditions which make it unsafe, nor has the defendant been transferred to another suitable unit although she has requested such.
The first count claims both a violation of her due process rights and her civil rights under 42 U.S.C. § 1983. The second count claims that the defendant breached the provisions of the lease, both express and those implied by HUD regulations, and has therefore been unjustly enriched by plaintiff's payment of rent. The plaintiff also filed a temporary injunction seeking to compel the defendant to offer the plaintiff other suitable housing and to adopt a transfer policy in accordance with federal law. CT Page 9275-B
The defendant filed an answer, special defenses and counterclaim on September 23, 1993. The first special defense claims that the plaintiff and defendant are parties to a lease which is subject to federal law and regulations, as well as state law. It further claims that the plaintiff breached her lease by causing, or allowing others for whom she is responsible to cause, the damage complained of in the apartment. This first special defense thus contends that the plaintiff breached her obligations imposed by General Statutes 47a-11(f) and is therefore estopped from asserting her claims. The second special defense, relying on the same allegations as the first defense, claims that General Statutes 47a-7(a)(2) bars the second count of her complaint.
The defendant alleges in its counterclaim claiming abuse of process that the plaintiff is responsible for causing the damages in the apartment, that she purposely avoided the regular administrative process for addressing the problems of which she complains, and that she sought a temporary injunction which was subsequently withdrawn on the day of the hearing on the order to show cause. The plaintiff filed a motion to strike these two CT Page 9275-C special defenses and the counterclaim; defendant objects to the motion and the parties have filed supporting memoranda of law.
DISCUSSION
In determining a motion to strike, the court accepts all facts alleged as true, and construes them most favorably to the pleader. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 664 (1992). A motion to strike, however, does not admit opinions or legal conclusions stated in the pleadings. Id.
 I
The plaintiff argues that defendant has insufficiently pleaded estoppel because it has not alleged that it changed its position after relying upon any conduct of the plaintiff. The defendant claims that it has not pleaded estoppel, but instead has sufficiently pleaded a defense of equitable estoppel.
Equitable estoppel "is the effect of the voluntary conduct of a party whereby he is absolutely precluded . . . from asserting CT Page 9275-D rights which might perhaps have otherwise existed as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse." Currie v. Marano, 13 Conn. App. 527, 531 (1988). There is thus no difference between what plaintiff terms estoppel and defendant claims is equitable estoppel. Defendant has not pleaded that it, in any way, changed its position based on any of plaintiff's alleged conduct. It has not, therefore., sufficiently pleaded the defense of equitable estoppel and the motion to strike this defense should be granted.[1]
 II
Plaintiff also moves to strike the second special defense based on defendant's claim that Plaintiff's action is barred by General Statutes 47a-7(a)(2). Plaintiff argues that this statute cannot bar plaintiff's action as it conflicts with federal law, while defendant claims that the state statute is applicable.
General Statutes 47a-7(a)(2) provides that the landlord shall
make all repairs and do whatever is necessary to put and CT Page 9275-E keep the premises in a fit and habitable condition, except when the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family, or other person on the premises with his consent, in which case such duty shall be the responsibility of the
Defendant argues that this statute allows it to interpose the defense that plaintiff caused the damage, thus relieving the landlord of its responsibility for repairing the damage. Plaintiff argues that this statute is preempted by federal law.
Defendant admits in its answer that it is subject to federal housing law and HUD regulations, and realleges the same in its special defenses. Federal regulations provide that the "[public housing authority] shall be responsible for repair of the unit within a reasonable time: Provided, That if the damage was caused by the tenant, tenant's household or guests, the reasonable cost of the repairs shall be charged to the tenant." (Emphasis in original.) 24 C.F.R. § 966.4(h)(2). This regulation, by its clear language, requires the housing authority to make all repairs, even in the case of damage caused by the tenant. The only thing the CT Page 9275-F regulation allows is the housing authority to bill the tenant for damage; it does not relieve the housing authority of its obligation to repair.
It is not possible to read General Statutes 47a-7(a)(2) consistently with the above federal regulation. The state statute explicitly relieves the landlord from repairing damage caused by the tenant, while the federal regulation just as explicitly requires a housing authority to repair even tenant caused damage. The issue that must be decided therefore is which rule applies to the instant case.
It is axiomatic that when a state and federal law apply to the same set of facts, the federal law preempts the state law. State law which conflicts with federal law is preempted by the supremacy clause of the United States constitution. Kenny v. Kenny,226 Conn. 219, 224-25 (1993). See also Sharp v. Wyatt, Inc.,31 Conn. App. 824, 846 (1993). The federal courts have consistently held that federal regulations dealing with public housing have the force of federal law and preempt any state or local laws. See, e.g., Gramercy Spire Tenants Association v. Harris, 446 F. Supp. CT Page 9275-G 814, 822-23 (S.D.N.Y. 1977). Because the federal and state laws conflict in this case, the applicable law is24 C.F.R. § 966.4(h)(2), and this regulation conclusively puts the burden of repairing tenant caused damage on the housing authority. Therefore, a defense that the tenant caused the damage and thus relieved the landlord of its duty to repair under General Statutes47a-7(a)(2) cannot be legally sufficient. The motion to strike the second special defense should therefore be granted.
 III
The plaintiff also seeks to strike the defendant's counterclaim which alleges an abuse of process by the plaintiff. Defendant alleges that the injunction in this case was "sought and abandoned in the initiation of this action . . . without actual belief in [its] basis in equity or necessity, and constitute an abuse of the process of the Court." Plaintiff argues that this does not sufficiently allege a cause of action in abuse of process, while defendant claims that this counterclaim is sufficient.
An "[a]buse of process occurs when someone uses a legal CT Page 9275-H process against another in an improper manner or to accomplish a purpose for which it was not designed." (Citation omitted; internal quotation marks omitted.) Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 720 (1993).
 Because the tort arises out of an accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it was not designed.
(Emphasis in original.) Mozzochi v. Beck, 204 Conn. 490, 494
(1987).
Defendant has not alleged that the plaintiff's action was brought to achieve an improper purpose, only that it was sought "without actual belief in [its] basis in equity or necessity."
[A]buse of process does not involve starting an action or CT Page 9275-I using process without justification, but rather involves the misuse or misapplying of process for an end other than which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance.
(Citation omitted.) O'Rourke v. Trusthouse Forte Food Services, Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 118880 (March 25, 1993, Lewis, J.) "Here, however, the [defendant] has not even attempted to articulate in the allegations what that goal was, and the court will not supply a theory where the pleadings state none." K.T.W., Inc. v. CSB Financial Corp., Superior Court, Judicial District of New Haven, Docket No. 300664 (January 28, 1993, Hodgson, J.)
Similarly, in this case the plaintiff does not allege that the plaintiff's action was brought to achieve an improper purpose, nor are there any allegations from which any such purpose could be inferred. The counterclaim does not, therefore, state a sufficient cause of action for abuse of process. Accordingly, the motion to strike the counterclaim should be granted. CT Page 9275-J
Mintz, J.