[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE THE SIXTH COUNT OF THE AMENDED COMPLAINT
This litigation arises out of the failure of The Connecticut's Bank and Trust Company, N.A. (CBT) in January of 1991, and the continuation of its banking business by New Connecticut Bank Trust Company, N.A. (New CBT) a "bridge bank" created by the FDIC for the purpose of preserving CBT's franchise until a purchaser could be found. New CBT instituted a "Retention Program" to induce its key employees to remain until the franchise was sold, which provided that if the successor bank chose not to keep a former New CBT employee in the position he held with the bridge bank after the transfer of the franchise, then such employee would be entitled to receive a lump sum payment of one year's salary from New CBT.
The plaintiff was selected to participate in the Retention Program and declined to seek other employment until the sale of the bank to Fleet Bank, N.A., which began its operation on July 15, 1991. Under the terms of an "Assistance Agreement" between the FDIC and Fleet's associated corporations, Fleet expressly agreed to assume and pay all of the obligations, contracts and liabilities of New CBT under the Retention Program.
The day after Fleet opened for business the plaintiff's manager told him that Fleet did not wish to employ him in the same position he had held with New CBT. After the plaintiff obtained CT Page 370 other employment he requested the lump sum payment under the Retention Program but Fleet refused and this action was instituted.
The defendants have moved to strike the Sixth Count on the ground that it fails to state a claim under CUTPA because employment relationships do not fall within CUTPA's definition of "trade or commerce."
In their briefs both counsel cite various trial court decisions that have addressed the issue raised by the defendants' motion but they have overlooked a recent Appellate Court decision which has held that where "[t]he relationship . . . is not between a consumer and a commercial vendor, but rather between an employer and an employee . . . the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA." Quimby v. Kimberly Clark Corp., 28 Conn. App. 660 at 670. The court cited with approval the statement of the United States District Court in Banerjee v. Roberts, 641 F. Sup. 1093 at 1108 (D.Conn. 1986), that "[a]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA."
Stripped to its bare essentials, the plaintiff's 53 paragraph Sixth Count is nothing more than a claim by a former employee of a bank for severance pay against related banking corporations who are alleged to be contractually obligated to pay him one year's salary. However broad the protection of CUTPA may be "the Legislature did not intend the statute to cover employment contract disputes between employers and the employees who work in the employer's organization, nor to disputes between members of that organization, arising out of the employment relationship.["] Manning v. Zuckerman, 444 N.E.2d 1262 at 126S. (Mass. 1983)
For the foregoing reasons, the defendants' Motion to Strike the Sixth Count is granted.
Thomas J. Johnson for plaintiff.
Cummings Lockwood for defendant. CT Page 371