[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action in four counts. The first count is in negligence against the defendant Mussen, a Physician's Assistant. The second count is in negligence against Mussen's employer, Immediate Medical Care Center.
The third count is against Mussen claiming violation of CUTPA, G.S. § 42-110a for failure to inform the plaintiff that he was not a doctor. The fourth count asserts a claim as against the defendant Immediate Medical Care Center, claiming a violation of CUTPA, alleging that the defendant warranted to the plaintiff that he would receive medical care from a qualified and licensed physician.
The defendants move for summary judgment on counts three and four.
The first grounds for the motion for summary judgment asserts that the claim against the defendants is "based on the CT Page 1411 allegation that the defendant, Mr. Mussen, a licensed physician assistant, did not reveal to the patient/plaintiff, that he was a doctor, although under no duty to so disclose . . ." The plaintiff does not claim that there was no duty to disclose. Quite to the contrary, the CUTPA count, count third, clearly alleges that to not disclose was unfair and deceptive.
Whether the complained of conduct is unethical, oppressive or unscrupulous, or violates some established concept of fairness must of necessity be a question of fact. Reference Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 557, 591 (1995) for the articulation of these standards, referred to as the "cigarette rule."
The defendant argues that "there is no allegation or issue that Mr. Mussen lied or attempted to impersonate a physician." Yet there is evidence by one Karoline Davis that a white man in a lab coat come in and introduced himself as "Doctor." The defendant was carrying a stethoscope. He performed a medical examination on the plaintiff and reported to the plaintiff the x-ray findings, he rendered a diagnosis, and he gave instructions as to treatment. There appears to have been no contact with the plaintiff by the actual physician on duty. It is a question of fact, upon which there is conflicting evidence, as to whether by commission or by inference, the defendant represented to the plaintiff that he was a physician. If so, it is also a question of fact as to whether that activity constitutes a violation of CUTPA.
The second contention of the defendant is that because the alleged conduct of the defendant (as to his identity concerning his status as a doctor) is alleged as an allegation of negligence in the first count of the complaint, then, this being mere negligence, such conduct cannot be a violation of CUTPA. The defendant points to several Superior Court decision as support for that proposition. Even if this contention as to a rule of law were to be accepted by the court, it would be difficult to accept the proposition that it is mere negligence to introduce oneself as a doctor if one is not a doctor. Although such an introduction would be negligence, in the legal sense that the doing of something which a reasonably prudent person would not do is negligence, and is properly alleged as negligence, yet such conduct would obviously transcend the concept of mere inadvertence. The CT Page 1412 fact of such conduct being described as an allegation of negligence does not in and of itself prevent such conduct from being a violation of CUTPA.
Third, the defendant claims that because the plaintiff claims, as to the defendant Immediate Medical Care Center, that the defendant "warranted to the plaintiff that he would receive medical care from a qualified and licensed physician," that such claim cannot be viable as to this is not a contract for the sale of goods.
The plaintiff does not claim a sale of good under General Statutes § 42a-2-106, as proffered by the defendant. The claim must be understood as an implied representation, or conceivably a direct representation, that he would receive medical care from a duly qualified and licensed physician. The motion for summary judgment on the basis that this was not a sale of good misinterprets the obvious meaning of the allegation, and hence cannot be granted.
The last basis for the motion is the defendant's claim that a single incident does not support a CUTPA claim. The brief cites a number of Superior Court cases which may give support to that contention. Other Superior Court decision have held to the contrary. See Yashica C. Engram v. WalterZagert, Hartford Superior Court, No. CV96 0556873, Nov. 1996.
Although several appeals court decisions, Mead v. Burns,199 Conn. 651, 656 (1986) and Quinly v. Kimberly ClarkCorporation, 28 Conn. App. 660 (1992) apply a frequency requirement in dealing with insurance matters under CUIPA
(General Statutes § 38a-816(c)), these decisions are based upon an interpretation of the CUIPA statute, which statute does specifically contain a frequency requirement. No such requirement appears in CUTPA statutes, General Statutes 42-110a
through 42-110g. It is not the prerogative of this court to add conditions to statutes, where the legislature, if it had so intended would have and could have done so in the same fashion as it did in enacting the CUIPA statute.
For the reasons set forth herein, the motion for summary judgment is denied.
L. Paul Sullivan, J. CT Page 1413