[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION TO STRIKE
The Plaintiffs, Guy M. and Lynda Russo, allege that they contracted with the Defendant, Danziger Homes, Inc. (Danziger), for construction of a home on or about February 16, 1994. CT Page 3132-s
The Plaintiffs claim that their contract with Danziger contained the followingagreements and representations:
1. That the septic system was installed in accordance with all state and municipal regulations, and is adequate and sufficient to serve the premises for the use intended as a residence";
2. That the septic system "will be constructed and installed according to the requirements of the sanitary code of the Town and State"; and,
3. "All guarantees and warranties contained in this agreement shall survive the delivery of the deed."
The sale closed in July, 1994, and in March, 1999, the Plaintiffs discovered that the system failed as a result of a defect or defects in construction and required replacement.
On October 16, 2000, the Plaintiffs filed a three count complaint. The first count alleges a breach of contract for the alleged failure of the system; the second count, a breach of express warranty; and the third, a violation of the Connecticut Unfair Trade Practices Act.
On January 11, 2001, the Defendant, Danziger, filed a motion to strike the third count on the ground that it fails to adequately state a claim upon which relief can be granted. Danziger also filed a memorandum in support of its motion, and the Plaintiffs filed a memorandum in opposition on January 24, 2001.
The motion to strike is governed by Practice Book §§ 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68 (1997). The court "must read the allegations of the complaint generously to sustain its viability, if possible. . . ." ATC Partnership v. Windham, 251 Conn. 597, 603, Cert. denied, ___ U.S. ___, 120 S.Ct. 2217, 147 L.Ed.2d 249 (1999). "[P]leadings must be construed broadly and realistically, rather than narrowly and technically. . . ." Doe v. Yale University, 252 Conn. 641, 667 (2000).
The Defendant advances four reasons in support of its motion to strike the third count: CT Page 3132-t
(1) that Danziger is not in the business of designing, installing and selling septic systems;
(2) that the general consuming public is not affected by the alleged wrongdoing of Danziger;
(3) that the claimed wrong is nothing more than a single instance or isolated instances which do not warrant actions under CUTPA; and,
(4) that the Plaintiff has not alleged that selling defective septic systems is a general business practice of Danziger.
General Statutes § 42-110b (a) provides that: "(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "Trade" and "commerce" are defined as "advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).
 I BUSINESS OF THE DEFENDANT
The Defendant correctly claims that no viable claim for a CUTPA violation exists for conduct that is incidental to the Defendant's primary trade or business. Brandewiede v. Emery Worldwide, 890 F. Sup. 79,81 (D.Conn. 1994); Arawana Mills Co. v. United Technologies Corp.,795 F. Sup. 1238, 1253 (D.Conn. 1992); Viscounti v. Pepper Partners, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065717 (April 5, 2000, Curran, J.); Feen v. Benefit PlanAdministrators, Superior Court, judicial district of New Haven at New Haven, Docket No. 406726 (January 13, 1999, Devlin, J.); Barnes v.General Electric Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529354 (July 25, 1995, Hennessey, J.);Abely Waste Oil v. Ravenswood Development,, Superior Court, judicial district of New Haven at New Haven, Docket No. 369487 (September 15, 1995, Hartmere, J.). However, the Defendant's claim that because it used contractors for septic installations instead of its own personnel, the sale of the system should be considered separate from and incidental to its primary business of home construction and sales, is without merit.[1]
CT Page 3132-u
The Defendant has provided no decision with a similar fact pattern and related claim to support its contention that the designing and installing of septic systems is incidental to a developer's business of selling homes. Were the Defendant correct, then items such as framing, pouring foundations, sheetrocking, taping, painting, roofing routinely done for builders by subcontractors could likewise be classified as merely incidental to the building and selling of homes. Similarly, in the automotive industry, the same illogical contention could be made for parts such as engines, batteries, brakes, and tires frequently made and/or supplied by contractors for manufacturers. A septic system, required for a certificate of occupancy and for use of a home, just as such automotive components are necessary for the operation of a vehicle, is a necessary and integral part of building and selling a home, the trade, commerce and industry of the Defendant, Danziger. The Defendant' s motionon this ground is denied.
 II EFFECT ON THE GENERAL CONSUMING PUBLIC
The Defendant asserts that the Plaintiffs" claim is one for breach of contract and, as such, is one for a private wrong without a potential effect on the general consuming public.
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The Supreme Court has adopted the criteria set out by the Federal Trade Commission in the "cigarette rule" to determine whether there is a violation of the act.Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591,657 A.2d 212 (1995). The criteria for a CUTPA violation are:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
(Brackets in original; citations omitted; internal quotation marks omitted.) Id.
CT Page 3132-v
The Supreme Court has held that "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy.
. . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Internal quotation marks omitted.) Associated InvestmentCo. Ltd. Partnership v. Williams Associates IV, 230 Conn. 148, 156
(1994).
A "simple breach of contract does not offend traditional notions of fairness, and . . . standing alone does not offend public policy to invoke CUTPA." Boulevard Associates v. Sovereign Hotels, Inc., 72 F.3d 1029,1038-39 (2d Cir. 1995). The Supreme Court noted, however, that "there is no . . . unfair method of competition, or unfair [or] deceptive act or practice that cannot be reached [under CUTPA]." (Brackets in original; internal quotation marks omitted.) Associated Investment Co. Ltd.Partnership v. Williams Associates IV, supra, 230 Conn. 158.
"CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630, 637
(1997); see also General Statutes § 42-110b (d).
In count three of their amended complaint, the Plaintiffs allege that the Defendant knew, or should have known, that fill used in the septic system was defective; that they have reason to believe that other septic systems of homes built by the Defendant in the same subdivision have also failed; and that Defendant' s actions related thereto "were immoral, oppressive, and unscrupulous and caused substantial injury to the Plaintiffs," in violation of CUTPA. (Amended Complaint, count three, ¶¶ 30-31.)
Section 42-110g provides, in relevant part, that "[a]ny person who suffers any ascertainable loss of money . . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages" and that "[p]roof of public interest or public injury shall not be required. . . ." Section42-110b prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, which includes, according to § 42-110a (4), the sale or CT Page 3132-w offering for sale of real property. The purpose of CUTPA is to protect the public from unfair practices in the conduct of trade or commerce, and the allegations in this action relate to alleged wrongdoings to the Plaintiffs and possibly others in the sale or offering of real estate. The alleged action of the Defendant, installation of defective septic systems to unknowing consumers with actual or constructive knowledge of the defects, is certainly the type the act is designed to prevent and which, if left unchecked, would potentially have an effect on the general consuming public whom the act was designed to protect. See, Advest, Inc. v. Carvel Corporation, Superior Court, judicial district of Hartford at Hartford, Docket No. 585401 (September 21, 1999, Peck, J.), 1999 Ct. Sup. 12745, 12749-50; Phillips Ind. v. Conn. Light Power, Superior Court, judicial district of Waterbury Complex Litigation Docket, Docket No. X02 CV98 04099665 (June 18, 1999, Sheldon, J.). The Defendant's motion on this ground is denied.
 III SINGLE OR ISOLATED INSTANCE
The Defendant claims that the Plaintiffs' allegations are insufficient because the acts of the Defendant constitute a single act or transaction. This court agrees with the reasoning of the majority of decisions on this issue that have held CUTPA to be applicable to a single transaction that occurs in the conduct of any trade or commerce. See, e.g., Pollock v. Panjabi, Superior Court, judicial district of New Haven, Docket No. 402199 (May 17, 2000, Levin, J.) (27 Conn. L. Rptr. 316);Rohan v. Rosenblatt, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 116887 (August 13, 1999, Vertefeuille, J.) (25 Conn. L. Rptr. 287); Bank of New Haven v. Karas Motors, Inc., Superior Court, judicial district of New Haven, Docket No. 414574 (July 28, 1999,Levin, J.); Roache v. Rogers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354114 (July 26, 1999, Skolnick,J.). Furthermore, in this case, the Plaintiffs have alleged that they have reason to believe that other property owners in the same subdivision may have been similarly damaged by defective systems and the use of improper fill. This allegation and the fact that the wrong was done in the course of the Defendant's primary business are sufficient to state a cause of action and, as to this ground, to defeat the motion to strike.
 IV GENERAL BUSINESS PRACTICE CT Page 3132-x
The Defendant also asserts that to state a CUTPA claim, the Plaintiffs are required to allege that the wrongful act charged is part of a general business practice of the Defendant. Cases limiting such claims to general business practices, for the most part, involve allegations of violations of the Connecticut Unfair Insurance Practices Act (CUIPA) in combination with a claim of CUTPA violations based upon the alleged CUIPA violations. See, e.g., Quimby v. Kimberly Clark, 28 Conn. App. 660, 672
(1992); Mead v. Burns, 199 Conn. 651, 666 (1986); Walker v. AllstateIndemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357641 (May 16, 2000, Skolnick, J.). The court's analysis, in Four Beaches Condominium Assn. v. W.C. Brescia Plumbing andHeating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (May 23, 1997, Licari, J.), adopted by JudgeSkolnick in Walker v. Allstate Indemnity Co., supra, Superior Court, Docket No. 357641, explained why there is no need for an allegation of a violation of a general business practice as a prerequisite to a CUTPA claim not based on CUIPA violations. The court pointed out that cases finding such a requirement had mistakenly relied on Mead v. Burns, supra, 199 Conn. 651. Mead involved CUIPA. CUIPA specifically states that for unfair settlement practices to occur, such practices must be committed with such frequency as to indicate a general business practice, whereas CUTPA contains no such provision. The majority have held that a litigant need not allege more than a single act of misconduct in order to bring an action under CUTPA. See Roache v. Rogers, supra, Superior Court, Docket No. 354114.
In the present action, the Plaintiffs' claims that they were injured as a result of the Defendant's installation of a defective septic system in their home, that the Defendant used fill in the subdivision which it knew or should have known was defective, that the installation was not in accordance with statutes and regulations, and that there is reason to believe that other homes in the subdivision suffered the same problems, sufficiently allege acts which would suffice even if "general business practice" were a requirement for a CUTPA claim.
 V CONCLUSION
For all of the above reasons, the Defendant' strike count three of the amended complaint is denied. CT Page 3132-y
 _____________________ Hiller, J.
[1] Although the Defendant admits, in its memorandum in support of this motion to strike, that it is in the business of constructing and selling new homes, the amended complaint, dated October 16, 2000, does not describe the nature of the business of the Defendant. It does state that the Defendant entered a contract for the construction of a single family dwelling with the Plaintiffs, but does not specifically state that the Defendant was a home building contractor and provides no information as to how many homes it had built or how long it had been in the business. For the purpose of this motion to strike, the court will accept the Defendant's acknowledgment, in its memorandum, that it is in the business of selling homes and that it used contractors for their construction. Should the Plaintiffs, at some point, revise or amend their complaint, this item should be clarified.