## LORINE QUIMBY *v.* KIMBERLY CLARK CORPORATION (10805)

DALY, LANDAU and HEIMAN, Js.

Argued April 30—decision released August 18, 1992

*Laurence V. Parnoff,* with whom, on the brief, was *Kathryn L. Braun,* for the appellant (plaintiff).

*Philip F. Spillane,* for the appellee (defendant).

LANDAU, J. The dispositive issue in this appeal is whether the trial court properly granted the defend-

ant's motion to strike each of the eight counts of the plaintiff's amended complaint. In its motion to strike, the defendant argued (1) that counts one, two, three, five and six failed to state claims on which relief can be granted "in that the allegations fail to state a common law cause of action based upon alleged violations of the Connecticut Workers' Compensation Act," (2) that count four failed to state a claim on which relief can be granted in that it "improperly claimed a violation of the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; based on alleged wrongful conduct of the defendant, as an employer, as to the plaintiff, an employee of the defendant, and failed to state that such alleged wrongful conduct was performed in the conduct of any 'trade or commerce' as defined in CUTPA," and (3) that counts seven and eight failed to state claims on which relief can be granted in that these counts allege a violation of CUTPA and the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes (Rev. to 1989) § 38-60 (now § 38a-815 et seq.) "based upon alleged wrongful conduct of the defendant in its capacity as an 'insurer' in the context of a single workers' compensation claim, without alleging that said alleged wrongful conduct was performed by the defendant 'with such frequency as to indicate a general business practice.' " We agree with the trial court.

The following facts are relevant to our resolution of this appeal. The plaintiff, an employee of the defendant, a self-insured corporation, was injured in a work related accident. The plaintiff notified the defendant of her injury pursuant to the Connecticut Workers' Compensation Act, General Statutes § 31- 275 et seq., and the defendant, after initially contesting liability, accepted the plaintiff's claim as a compensable workers' compensation claim. During the course of the proceedings before the workers' compensation commis-

sioner for the seventh district, the defendant paid benefits to the plaintiff at various times and in various amounts for medical bills, temporary total disability and temporary partial disability. Despite having made these payments, the defendant continued to contest the extent of the plaintiff's permanent disability, her entitlement to benefits and certain medical bills as being unauthorized and unnecessary for her treatment.

On September 4, 1990, the plaintiff instituted this action against the defendant seeking damages and injunctive relief for various common law and statutory causes of action based on the defendant's alleged wrongful conduct in connection with the plaintiff's claim for workers' compensation benefits. The essence of the plaintiff's eight count complaint was that the defendant wrongfully failed (1) to pay benefits in a timely manner, (2) to conduct a reasonable and timely investigation of the plaintiff's claim, and (3) to agree to a reasonable resolution of the plaintiff's claim within a reasonable time. In count one, the plaintiff sought damages for emotional distress. In count two, she alleged that the defendant acted recklessly and in bad faith by failing to pay her benefits timely and that the defendant "wrongfully discharg[ed] the plaintiff and thereby violat[ed] [General Statutes §] 31-290a."[1] In counts three and six, she claimed that the defendant's bad faith dealings constituted a tortious breach of contract. In counts four, seven and eight, she alleged that the defendant's bad faith refusal to pay benefits constituted CUTPA and CUIPA violations. In count five, she claimed that the defendant's refusal to pay benefits constituted a breach of its contractual obligation to deal in good faith. The defendant filed a motion to strike all eight counts of the complaint. The trial court granted the motion as to counts one, two, three, five and six because the facts alleged did not sufficiently

---

[1] Count two was incorporated, in its entirety, into counts three and four.

support the plaintiff's claim that the defendant's conduct rose to a level of intentional misconduct, thereby constituting an exception to the exclusivity of the Workers' Compensation Act. The trial court also struck counts four, seven and eight because count four failed to allege that the defendant's conduct constituted "trade or commerce" and in counts seven and eight the plaintiff failed to allege that the defendant treated other claimants in a similar manner or that the defendant's conduct was performed "with such frequency as to indicate a general business practice."

The plaintiff filed an amended complaint on June 20, 1991, in which the following substantive changes were made: (1) an allegation that the plaintiff's injury "was the subject of a voluntary agreement as to workers' compensation executed by the parties and approved by the Workers' Compensation Commissioner for the Seventh District" was added to paragraph three of the first count;[2] (2) an allegation that the defendant acted "intentionally, recklessly and/or negligently" was added to paragraphs eight, eleven, twelve, thirteen, fifteen, sixteen and seventeen of the first count;[3] (3) an allegation that the defendant acted "intentionally, recklessly and/or negligently" was added to paragraphs eighteen and nineteen of the second count; and (4) an allegation that "the defendant Kimberly Clark Corporation has engaged in conduct as aforesaid before, after and during its processing the plaintiff's claim" was added to paragraph twenty-four of the fourth count. The defendant filed a motion to strike all eight counts of the amended complaint. The trial court granted the motion as to counts four, seven and eight for the same

[2] This paragraph was incorporated by reference into each of the subsequent counts.

[3] Each of these new allegations was incorporated by reference into counts two, three and four of the amended complaint. Only paragraphs eight, eleven, twelve and thirteen were incorporated by reference into counts five, six, seven and eight.

reasons that it had struck these counts in the original complaint. It also granted the motion as to counts one, two, three, five and six on the ground that "[t]he new allegations contained in the plaintiff's substitute complaint are insufficient to support a cause of action based on common law tort since they allege no new facts, only legal conclusions." After the plaintiff failed to file a substituted complaint within fifteen days, the trial court granted the defendant's subsequent motion for judgment. See Practice Book § 157. The plaintiff then filed this appeal.

Initially, we briefly outline our standard for reviewing a trial court's granting of a motion to strike. It is well settled that "[w]here an appeal is taken from a judgment following the granting of a motion to strike, we take the facts to be those alleged in the amended complaint construed in a manner most favorable to the pleader. . . . For purposes of appeal, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted.) *Amodio* v. *Cunningham*, 182 Conn. 80, 82–83, 438 A.2d 6 (1980); *Mead* v. *Burns*, 199 Conn. 651, 655, 509 A.2d 11 (1986); *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.*, 190 Conn. 528, 530 n.2, 461 A.2d 1369 (1983). Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980); *Sheiman* v. *Lafayette Bank & Trust Co.*, 4 Conn. App. 39, 42, 492 A.2d 219 (1987); *Greene* v. *Metals Selling Corporation*, 3 Conn. App. 40, 41, 484 A.2d 478 (1984). We review this case on the theory on which the trial court decided the motion.[4] See *Mingachos* v. *CBS, Inc.*, 196

[4] Because the trial court never addressed whether the factual allegations in the second count of the plaintiff's amended complaint were sufficient to allege a statutory cause of action, as discussed in the dissent, we do not address this issue.

Conn. 91, 96, 491 A.2d 368 (1986); *Fuessenich* v. *DiNardi,* 195 Conn. 144, 151, 487 A.2d 514 (1985).

## I

## COUNTS ONE, TWO, THREE, FIVE AND SIX

We conclude that the trial court properly struck counts one, two, three, five and six on the ground that the plaintiff failed to allege sufficient facts to support of her claim that the defendant's conduct rose to a level of intentional misconduct, thereby constituting an exception to the exclusivity provision of the Workers' Compensation Act. See General Statutes § 31-284 (a).[5]

"The purpose of the work[ers'] compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979). Under General Statutes § 31-284 (a) an employer within the scope of the act is not liable in "any action for damages on account of personal injury sustained by an employee arising out of and in the course of his [or her] employment or on account of death resulting from personal injury so sustained . . . ." *Mingachos* v. *CBS, Inc.,* supra, 98.

---

[5] General Statutes § 31-284 (a) provides: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing therein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

In these five counts of the complaint, the plaintiff has attempted to allege facts that constitute grounds for avoiding the prohibition in General Statutes § 31-284 (a) against suing employers for work related injuries. Both this court and our Supreme Court have "consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries. See, e.g., *Sharp* v. *Mitchell,* 209 Conn. 59, 66, 546 A.2d 846 (1988); *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* 196 Conn. 529, 532, 494 A.2d 555 (1985); *Mingachos* v. *CBS, Inc.,* [supra, 98]; *Jett* v. *Dunlap,* [supra, 217]." *Sgueglia* v. *Milne Construction Co.,* 212 Conn. 427, 433, 562 A.2d 505 (1989); *Coolick* v. *Windham,* 7 Conn. App. 142, 148, 508 A.2d 46 (1986). Our Supreme Court, however, has carved out a few exceptions to the exclusivity of the Workers' Compensation Act provisions. See, e.g., *Blancato* v. *Feldspar Corporation,* 203 Conn. 34, 43, 522 A.2d 1235 (1987) (exception for a minor who has been illegally employed); *Jett* v. *Dunlap,* supra, 221 (exception for intentional torts committed by an employer). On the other hand, the Supreme Court refused to extend the *Jett* exception to include " 'accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.' " *Mingachos* v. *CBS, Inc.,* supra, 108, quoting 2A A. Larson, Workmen's Compensation Law (1976) § 68.13, pp. 13–18; *Panaro* v. *Electrolux Corporation,* 208 Conn. 589, 599, 545 A.2d 1086 (1988); *Blancato* v. *Feldspar Corporation,* supra.

In *Jett* v. *Dunlap,* supra, the Supreme Court recognized that intentional torts committed by an employer constitute an exception to the exclusivity of the workers' compensation remedy. As the trial court in the present case noted, these counts of the complaint

apparently were drafted in order to raise claims falling within that exception. The trial court ruled that the allegations of the complaint suffered from the shortcomings the Supreme Court recently deemed fatal to the common law action brought in *Mingachos* v. *CBS, Inc.,* supra, 96. "To bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted. . . . A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act." (Citations omitted; internal quotation marks omitted.) *Nolan* v. *Borkowski,* 206 Conn. 495, 501, 538 A.2d 1031 (1988), quoting *Mingachos* v. *CBS, Inc.,* supra, 102–103.

" 'The word "intent" . . . denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it.' 1 Restatement (Second), Torts § 8A (1965). Thus, the concept of 'intent' in relation to tortious conduct has reference to the consequences of the act rather than to the act itself. 'But a high risk or probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his act results.' *Shearer* v.

*Homestake Mining Co.*, supra, 559. In terms of intentional tort then, the use of the word 'intent' in allegations 'is not a talisman that can change the allegations into colorable claims of true intentional torts.' *Keating* v. *Shell Chemical Co.*, 610 F.2d 328, 332 (5th Cir. 1980)." *Mingachos* v. *CBS, Inc.*, supra, 101–102.

The issue in this case is whether the factual allegations in the plaintiff's complaint meet the test of *Mingachos* v. *CBS, Inc.*, supra, 102. Counts one, two, three, five and six contain the following factual allegations relating to the defendant's alleged intentional misconduct. The defendant intentionally, recklessly or negligently failed to carry out its duties under the law to pay benefits in a timely manner as required under the Workers' Compensation Act, to investigate the plaintiff's claims timely and to agree to a reasonable resolution of the plaintiff's claims, knowing that the plaintiff would not be able to carry on life's activities, would have no sufficient source of income to meet her financial needs and that the plaintiff was relying on and anticipated receiving workers' compensation benefits. As a result of the defendant's misconduct, the plaintiff alleged that she was forced to suffer loss of income, various financial expenses, an exacerbation of her medical condition, emotional stress, and embarrassment.

The mere use of the word intent does not change the allegations into colorable claims of true intentional torts. The allegations do not allege that the defendant desired to cause the consequences of its actions or that these consequences were substantially certain to follow. The complaint alleges no more than the fact that the defendant acted with the knowledge that the plaintiff would no longer be able to carry on life's activities, and that she was relying on and anticipated receiving workers' compensation benefits to meet her financial needs. Because these allegations are insufficient to allege an intentional tort, the plaintiff's claim must fail.

## II

### COUNTS FOUR, SEVEN AND EIGHT

The trial court also properly granted the defendant's motion to strike counts four, seven and eight of the plaintiff's complaint. In count four, the plaintiff alleged that the defendant, in its capacity as an employer, engaged in the conduct alleged in counts one through three inclusive "before, after and during its processing the plaintiff's claim." In counts seven and eight the plaintiff alleged that the bad faith dealings of the defendant, in its capacity as an insurer, constituted violations of CUTPA and CUIPA. We agree with the trial court that these counts failed to state causes of action cognizable under Connecticut law.

If the facts that the plaintiff alleges are insufficient to frame her causes of action, the plaintiff cannot prevail. *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* supra, 532. In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a "trade or business." See General Statutes § 42-110b; *Web Press Services Corporation* v. *New London Motors, Inc.,* 203 Conn. 342, 354, 525 A.2d 57 (1987). In order to allege properly a CUIPA violation, the plaintiff must allege, inter alia, that the defendant engaged in the allegedly wrongful conduct "with such frequency as to indicate a general business practice." See General Statutes (Rev. to 1989) § 38-61 (6); *Mead* v. *Burns,* supra, 660. The plaintiff's complaint lacks these essential allegations.

### A

#### COUNT FOUR

The central allegations of the fourth count of the plaintiff's complaint, which incorporates the second

count in its entirety, is that the defendant's failure to pay benefits in a timely manner, to investigate reasonably and promptly the plaintiff's claim and to enter into a reasonable resolution of the plaintiff's claim, constituted a CUTPA violation. We agree with the trial court that these allegations are insufficient to support a CUTPA cause of action.

The plaintiff does not allege that the defendant committed these acts "in the conduct of any trade or commerce." The terms trade and commerce are defined in General Statutes § 42-110a (4) as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value in this state." The relationship in this case is not between a consumer and a commercial vendor, but rather between an employer and an employee. There is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff. The United States District Court in *Banerjee* v. *Robert,* 641 F. Sup. 1093 (D. Conn. 1986), held that the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA.[6] The *Banerjee* court noted that "[a]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA." Id., 1108, citing *Manning* v. *Zuckerman,* 388 Mass. 8, 13, 444 N.E.2d 1262 (1983) (construing similar Massachusetts statute); see also *Collins* v. *Gulf Oil Corporation,* 605 F. Sup. 1519, 1523 (D. Conn. 1985).

---

[6] We note that although the interpretation of our state statute by a federal court is not binding on us, it may be persuasive authority. See *General Accident Ins. Co.* v. *Wheeler,* 221 Conn. 206, 213, 603 A.2d 385 (1992); *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 301, 305, 472 A.2d 316 (1984).

Applying the holding of *Banerjee* to this case, we conclude that the trial court properly granted the defendant's motion to strike the fourth count of the plaintiff's complaint.

## B

### COUNTS SEVEN AND EIGHT

The central allegations of wrongdoing in the seventh and eighth counts of the plaintiff's complaint are contained in the fifth count of the complaint which again alleges the failure of the defendant to pay benefits timely, to investigate the plaintiff's claim reasonably and promptly and to arrive at a reasonable resolution of the plaintiff's claim within a reasonable time. All of the defendant's misconduct was alleged to have occurred in the context of the plaintiff's single workers' compensation claim. The plaintiff did not allege that the defendant treated other claimants in a similar manner or that the defendant's conduct was "performed with such frequency as to indicate a general business practice." General Statutes (Rev. to 1989) § 38-61 (6).

The Supreme Court in *Mead* v. *Burns,* supra, addressed the scope of the liability imposed by CUIPA and CUTPA on the insurance industry.[7] The court focused on the definition of "unfair claims settlement practice" in General Statutes (Rev. to 1989) § 38-61 (6)[8] and concluded that the allegations, in the absence of

[7] The plaintiff in *Mead* v. *Burns,* 199 Conn. 651, 655, 509 A.2d 11 (1986), had brought an action under CUTPA and CUIPA alleging that the defendant's insurer knowingly and in bad faith refused to pay the plaintiff's claim without conducting a reasonable investigation based on all the available information.

[8] The court noted that the definition of "unfair claims settlement practice" in General Statutes (Rev. to 1989) § 38-61 (6) reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. *Mead* v. *Burns,* 199 Conn. 651, 655, 509 A.2d 11 (1986).

an express allegation that the defendant's conduct constituted a "general business practice," did not suffice to establish a violation of either CUIPA or CUTPA and that an allegation of a singular failure to investigate was insufficient. Id., 657.

Under the guidelines set forth in *Mead* v. *Burns,* supra, for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice. Here, the plaintiff's complaint is based wholly on the defendant's alleged failure to settle only the plaintiff's workers' compensation claim properly. She makes no allegations that the defendant has similarly failed to settle similar claims presented by other claimants properly and, accordingly, has failed to allege properly that the defendant has committed the alleged wrongful acts "with such frequency as to indicate a general business practice." Her claim, therefore, must fail.

The judgment is affirmed.

In this opinion, HEIMAN, J., concurred.

DALY, J., concurring in part and dissenting in part. I concur with the well reasoned majority opinion sustaining the motion to strike counts one, three, four, five, six, seven and eight of the plaintiff's amended complaint. As to count two, however, the trial court's granting of the defendant's motion to strike should be reversed because the complaint stated a cause of action pursuant to General Statutes § 31-290a.[1]

---

[1] General Statutes § 31-290a provides in pertinent part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee

The majority opinion correctly sets forth our standard of review of a trial court's motion to strike. " 'Where an appeal is taken from a judgment following the granting of a motion to strike, we take the facts to be those alleged in the amended complaint construed in a manner most favorable to the pleader.' " *Biro* v. *Hill*, 214 Conn. 1, 2, 570 A.2d 182 (1990), quoting *Amodio* v. *Cunningham*, 182 Conn. 80, 82, 438 A.2d 6 (1980). On appeal, "all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." *Amodio* v. *Cunningham*, supra, 83. The motion to strike should be granted if the allegations in the complaint only allege legal conclusions unsupported by facts. *Mora* v. *Aetna Life & Casualty Co.*, 13 Conn. App. 208, 211, 535 A.2d 390 (1988).

Count two, although inartfully drafted, alleged that the defendant acted in bad faith by "wrongfully discharging the plaintiff and thereby violating § 31-290a" because she sought workers' compensation benefits from the defendant. Construing this allegation in the light most favorable to the plaintiff, it was sufficient to state a statutory cause of action under § 31-290a.

In *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School*, 202 Conn. 206, 217, 520 A.2d 217 (1987), the plaintiff's allegation that " '[t]he defendants negligently misrepresented the facts to the plaintiff, caus-

because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

"(b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court . . . ."

ing her damages as pled' " sufficiently stated a cause of action for negligent misrepresentation. Id. Our Supreme Court noted that "[a]lthough the complaint could have alleged the nature of the defendants' negligence more precisely, the lack of linguistic specificity does not warrant striking the second count. As the Appellate Court noted, under the rules of practice governing pleading, a party may plead legal effect as long as the pleading 'fairly [apprises] the adverse party of the state of facts which it intended to prove.' Practice Book § 109; see Practice Book § 108." Id., 220.

The allegations in count two of this case fairly apprised the defendant that the plaintiff intended to prove she was wrongfully discharged because she exercised her rights under the workers' compensation act. Therefore, the allegations in count two stated a cause of action under § 31-290a. For these reasons, I respectfully dissent.