[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
By amended complaint filed October 19, 1993, the plaintiff alleges the following facts. On or about October 5, 1989, the plaintiff issued to the defendants a Commercial General Liability Policy with a total annual premium of $5,343.00 to cover the defendants' real estate development project. During the policy period from November 28, 1989 to November 28, 1990, the plaintiff carried an insurance policy for the defendant. Despite demand therefore, the defendants have neglected to pay the premium owed to the plaintiff.
On November 19, 1993, the defendants filed an answer, CT Page 818 special defense and a two-count counterclaim. Count one of the defendants' counterclaim alleges that the conduct of the plaintiff constitutes a violation of CUTPA, causing the defendant Ira Wasniewski to suffer an ascertainable loss of money or property. Count two of the defendants' counterclaim alleges that the conduct of the plaintiff constitutes a violation of CUTPA, causing the defendant David Wasniewski to suffer an ascertainable loss of money or property. In their counterclaim, the defendants allege the following facts. In the fall of 1989, David Wasniewski contacted William Quinley of the Stula Agency to obtain a quote on builder's liability insurance. Subsequently, William Quinley verbally informed David Wasniewski that the premium would cost approximately $5,000.00. David Wasniewski then informed William Quinley that the cost was unacceptable and that he did not wish to purchase insurance. In late 1991, the defendants received demand for payment of an alleged premium for the liability policy that the defendants never purchased.
On December 13, 1993, the plaintiff filed a motion to strike and an accompanying memorandum of law, arguing that because a single instance of alleged misconduct is insufficient to bring a claim under CUTPA, the defendants' counterclaim should be stricken
On December 27, 1993, the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike. In its memorandum, the defendant argues that CUTPA can apply to an allegation of a single transaction.
Pursuant to Practice Book 152, a motion to strike may be brought to test the legal sufficiency of a pleading. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, 190 Conn. 528, 530, 461 A.2d 1369
(1981).
General Statutes 42-110b(a) provides that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes 42-110b(a) makes reference to the plural "unfair methods of competition and unfair or deceptive acts or practices," and General Statutes 42-110g(a) makes reference to the singular "method, act or practice." Due to CT Page 819 this contradiction, there is a split of authority at the superior court level as to whether a single act can constitute a CUTPA violation. The Connecticut appellate courts have not yet ruled on this issue. Some courts hold that an allegation of a single transaction is sufficient to bring a claim under CUTPA. See, e.g., Levesque v. Kris Enterprises,4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); Metpath, Inc. v. IDS Corp.,3 Conn. L. Rptr. 349 (March 12, 1991, Aronson, J.). Other courts hold that an allegation of a single transaction is insufficient to bring a claim under CUTPA. See, e.g., Koehm v. Kuhn, 41 Conn. Sup. 130, 139, 558 A.2d 1042 (1989, Levine, J.), aff'd on other grounds, 18 Conn. App. 313, 557 A.2d 933 (1989); Duncan v. Burnside Motors, Inc., 2 CSCR 379, 380
(February 26, 1987, O'Neill, J.).
CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 354, 525 A.2d 57 (1987). Those cases holding a single instance of alleged misconduct is sufficient to bring a claim under CUTPA are the better reasoned decisions. See, e.g., Levesque v. Kris Enterprises, supra. Accordingly, the plaintiff's motion to strike the defendants' counterclaim is denied.
Austin, J.