[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
The plaintiff, Michael Garfield, commenced this action for monetary damages for personal injuries allegedly received in an automobile accident on April 22, 1991. The plaintiff alleges that his vehicle was struck by a vehicle which was negligently operated by the defendant, Richard Mason. The plaintiff alleges further that the defendant, DD Auto Works, Inc. ("DD"), was the owner of the vehicle that Mason was driving at the time of the accident.
In count three of his original complaint, dated February 11, 1993, the plaintiff alleged that defendant DD was liable under General Statutes 14-154a. That statute regulates or proscribes the liability of an owner for damage caused by a "rented or leased car." On October 22, 1993, this court granted defendant DD's motion for summary judgment on count three. This court held, inter alia, that the agreement between Mason and DD was not a rental agreement or a lease, but rather was a loan which is governed by General Statutes 14-60. See Memorandum of Decision Re: Motion for Summary Judgment, (October 22, 1993, Pickett, J.)
On November 3, 1993, the plaintiff filed a three count amended complaint. The first two counts are directed against defendant Mason. The third count states that defendant DD violated the Connecticut Unfair Trade Practices Act ("CUTPA") by loaning a vehicle to defendant Mason without requiring Mason no provide proof of insurance in violation of General Statutes 14-60. CT Page 3638
Defendant DD has filed a motion to strike count three on three grounds: (1) a dealer or repairer can not be liable under General Statutes 14-60 for a borrower who had inadequate insurance, (2) an isolated incident does not constitute a violation of CUTPA, and (3) the plaintiff does not allege an ascertainable loss of money or property as required by CUTPA. Pursuant to Practice Book 155, DD has submitted a memorandum of law in support of its motion to strike. The plaintiff has not opposed the motion.
A motion to strike challenges the legal sufficiency of a pleading, or any count thereof, to state a claim upon which relief can be granted. Practice Book 152. When considering a motion to strike, the court admits all facts well pleaded; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); and construes the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The facts alleged are viewed in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Amodio v. Cunningham, 182 Conn. 80, 83, 438 A.2d 6 (1980). "The sole inquiry at this stage is whether the plaintiffs' allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983).
General Statutes 14-60(a), in pertinent part, states:
 . . . No dealer or repairer may loan a motor vehicle or number plate or both to any person except . . . when a motor vehicle owned by or lawfully in the custody of such person is undergoing repairs . . . provided that such person shall furnish proof to the dealer or repairer that he has liability and property damage insurance which will cover any damage to any person or property caused by the operation of the loaned vehicle . . . Such person's insurance shall be the prime coverage. If the person to whom the dealer or repairer loaned the motor vehicle on the number plate did not, at the time of such loan, have in force any such liability and property damage insurance, such person and any such dealer or repairer shall be jointly liable for any damage to any person or property caused by the operation of the loaned vehicle or a motor vehicle on which the loaned number plate is displayed . . .
CT Page 3639
General Statutes 14-60(a).
Defendant DD initially argues that a dealer or repairer can not be liable pursuant to General Statutes 14-60 for a borrower who had inadequate insurance. Cook v. Collins Chevrolet Inc., 199 Conn. 245,506 A.2d 1035 (1986). The plaintiff, however, has sufficiently alleged that defendant Mason had no insurance. (See plaintiff's amended complaint, para 5.) Accordingly, pursuant to General Statutes 14-60(a), defendants DD and Mason may be jointly liable for the plaintiff's injuries. Id., 250 n. 3. The defendant's motion to strike on this first ground is denied.
Defendant DD next claims that count three is legally insufficient because an allegation of an isolated act of misconduct is insufficient to support a CUTPA claim. The issue of whether a single act constitutes a CUTPA violation has yet to be resolved by the Connecticut appellate courts. Several superior courts have addressed this issue which has resulted in a split of authority. The majority of superior courts, including this court, have held that a litigant does not have to allege more than a single transaction in order to bring a CUTPA cause of action. Chrysler Credit Corporation v. Berman, Superior Court, Judicial District of Litchfield, Docket No. 057971 (June 10, 1993, Pickett, J); RLG Assoc's Ltd v. Gardner Peterson, 9 Conn. L. Rptr. 82 (June 7, 1993, Shaughnessy, J.); Levesque v. Kris Enterprises,4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); Ransom v. Amerlink Ltd.,3 Conn. L. Rptr. 382 (March 19, 1991, Dranginis, J.); Metpath, Inc. v. IDS Corp., 3 Conn. L. Rptr 349 (March 12, 1991, Aronson, J.); Allison v. Widder, 1 Conn. L. Rptr. 461 (April 6, 1990, Cioffi, J.). But see Duncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.) ("legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business advice.")
The court finds no reason to depart from its previous holding that a litigant does not have to allege more than a single transaction to bring a CUTPA cause of action. Thus, defendant DD's motion to strike count three on this ground is denied.
Defendant DD also moves to strike the third count of the complaint on the ground that the plaintiff states damages for personal injuries and does not allege any ascertainable loss of money or property as required by General Statutes 42-110g. That statute, in pertinent part, states: "(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a CT Page 3640 result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action. . ." 42-110g.
There is a split of authority in the superior court in recognizing CUTPA as a vehicle to recover for personal injuries. Sipperly v. Burger King Corporation, Superior Court, Judicial District of New London at Norwich, Docket No. 094746 (Mar 17, 1992, Hurley, J.); Mulqueen v. NUTRISYSTEM WEIGHT LOSS, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 113014 (May 29, 1992, Rush, J.); Ognowski v. Incredible Motel, Inc., 1 Conn. L. Rptr. 164 (Jan. 10, 1990, Hennessey, J.); Hov v. Westland, Inc., 4 CSCR 729 (Sept. 28, 1989, Thompson, J.); Spring v. Armstrong, 4 CSCR 225 (Jan. 27, 1989, Corrigan, J.). Even when personal injuries have been found to be sufficient to state a claim under CUTPA, such injuries are actionable only if the injury occurred "as a result of the use or employment of a method, act or practice prohibited by section 42-110b." (Emphasis in original.) Sipperly v. Burger King Corporation, supra, quoting Ognowski v. Incredible Motel, Inc., supra.
The plaintiff has not alleged sufficient facts to indicate that his injuries were "the result of" defendant DD's violation of General Statutes 14-60. To the contrary, the plaintiff has alleged that his personal injuries resulted from the negligent driving of defendant Mason. Accordingly, defendant DD's motion to strike count three is granted.
PICKETT, J.