[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Katz Seligman for plaintiff.
Nuzzo Roberts for defendant.
On January 26, 1994, the plaintiff, Mary Palmieri, filed a four count complaint against the defendant, John Smith, the plaintiff's former family and marital therapist. In the first count of the complaint, the plaintiff alleges negligence; in the second count, breach of contract; in the third count, recklessness; and in the forth count, a violation of the Connecticut Unfair Trade Practices Act [CUTPA]. The plaintiff's allegations arise out of a sexual relationship between the plaintiff and defendant that allegedly occurred while the plaintiff was under the defendant's care. CT Page 7540
On June 6, 1994, the defendant filed a motion to strike the third and fourth counts of the plaintiff's complaint, along with a supporting memorandum of law. The defendant moves to strike the third count on the ground that the complaint fails to state a cause of action for recklessness in that it merely repeats the allegations of negligence set forth in the first count. The defendant moves to strike the forth count on the ground that the plaintiff only alleges a single act in support of her CUTPA claim. On June 21, 1994 the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
A motion to strike is used to test `"the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988), quoting Practice Book § 152. The motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). The motion does not admit facts outside of the attacked pleading. Kilbride v. Dushkin PublishingGroup, Inc., 186 Conn. 718, 719, 443 A.2d 922 (1982). In deciding the motion to strike, "the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff."Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail." Hannafin v.Ethics Commission, 39 Conn. Sup. 99, 100-101, 470 A.2d 720
(Super.Ct. 1983). In deciding a motion to strike, the allegations of the complaint are "entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. . . ." (Citations omitted.) Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
In support of his motion to strike the third count of the plaintiff's complaint, the defendant argues that the third count should be stricken because it does not allege facts that support a claim of recklessness. The defendant claims that the third count merely restates the allegations of negligence contained in the first count of the plaintiff's complaint with the addition of a "recklessness" label. In opposition, the plaintiff argues that the facts alleged in both counts are sufficient to support separate claims of negligence and recklessness.
The first count of the plaintiff's complaint states, in relevant CT Page 7541 part:
 In his care and treatment of the Plaintiff, the Defendant failed to exercise that degree of care, skill, and diligence ordinarily exercised by similarly situated marital and family therapists on similarly situated clients in that he: (a) initiated and engaged in sexual relations with her; (b) had sexual relations with her without her consent; (c) had sexual relations with her under circumstances which he knew or should have known would cause her injury; and (d) told her that sexual relations with him were part of her therapy.
The third count of the plaintiff's complaint states in relevant part:
 The Defendant knew or recklessly disregarded that his engaging in sexual relations with the Plaintiff would be physically and emotionally damaging to her, yet he: (a) initiated and engaged in sexual relations with her; (b) had sexual relations with her without her consent; (c) had sexual relations with her under circumstances which he knew or should have known would cause her injury; and (d) told her that sexual relations with him were part of her therapy.
"A cause of action claiming wanton and reckless misconduct is `separate and distinct' from a cause of action alleging negligence."Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 513,603 A.2d 1173 (1992), quoting Kostiuk v. Queally, 159 Conn. 91, 94,267 A.2d 452 (1970).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . .
(Citations omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
 Willful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . CT Page 7542 that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . .
(Internal quotation marks omitted.) Id., 533, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
In the present action, the plaintiff alleges that she retained the services of the defendant for marital and family therapy and was under his care at the time the alleged sexual relations occurred. In the third count, the plaintiff alleges that the defendant knew or recklessly disregarded that his engaging in sexual relations with the plaintiff, while she was in his care, would harm her emotionally and physically. In this count, the plaintiff further alleges that the defendant initiated and engaged in sexual relations with her; that he had these relations without her consent; and that he told her that these relations were part of her therapy. The court finds that these allegations, viewed in a light most favorable to the plaintiff, support the plaintiff's claim that the defendant did more than act negligently. See Dubay v. Irish, supra, 207 Conn. 532; see Morin v. Keddy, 10 Conn. L. Rptr. 281, 287 (October 25, 1993, Hennessey, J.). Rather, while the factual bases of the plaintiff's claim of recklessness are similar to those of the plaintiff's claim of negligence, the plaintiff has sufficiently alleged facts that support her claim that the defendant's actions were carried out with reckless disregard to her emotional and physical safety. Therefore, in the third count of the complaint the plaintiff has sufficiently set forth a claim of recklessness. Accordingly, the motion to strike the third count of the plaintiff's complaint is denied.
In support of the motion to strike the forth count of the complaint, the defendant argues that the fourth count, in which the plaintiff alleges a violation of CUTPA, is legally insufficient because it only alleges a single act of conduct in violation of CUTPA. In opposition, the plaintiff argues that a single act is enough to sustain a CUTPA claim, and furthermore, that she has alleged more than a single act of conduct.
General Statutes § 42-110b provides, in pertinent part:
 (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . . (d) It is the intention of the CT Page 7543 legislature that this chapter be remedial and be so construed.
This court has held in Quality Electric Co. v. Suffolk Construction, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518000 (June 30, 1993, Hennessey, J.), that the allegation of a single occurrence is sufficient to state a cause of action for a violation of CUTPA. In Quality Electric Co. this court found that the alleged conduct was conduct central to the defendant's trade and was in that way distinguishable from a situation where a plaintiff bases a claim on acts incidental to a defendant's trade or commerce. Id.; seeKoehm v. Kuhn, 41 Conn. Sup. 130, 558 A.2d 1042 (1987, Levine, STR), aff'd 18 Conn. App. 313, 557 A.2d 933 (1987).
 Our Supreme Court has never fully addressed the one isolated instance bar in CUTPA claims. . . .
 A number of Superior Court judges have analyzed the single instance issue and most have concluded that a single act may constitute a CUTPA violation. . . . These judges all recognized that CUTPA is a remedial measure and is to be construed liberally in an effort to effectuate its public policy goals. Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 756 [, 474 A.2d 780] (1984).
(Citations omitted). Appleton v. Suffield Financial Corp. ,4 Conn. L. Rptr. 548, 549 (April 2, 1991, Berger, J.); See alsoQuality Electric Co. v. Suffolk Construction, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518000 (June 30, 1993, Hennessey, J.); Gibbs v. SoutheasternInvestment Corp. , 651 F. Sup. 1419, 1420-21 (D. Conn. 1987);Radsom v. Amerlink, Ltd., 3 Conn. L. Rprtr. 382 (March 19, 1991, Draginis, J.); Yale University School of Medicine v.Wurtzel, 2 Conn. L. Rptr. 813 (November 9, 1990, Flanagan, J.).
The plaintiff has alleged that the defendant held himself out as a therapist and that the plaintiff retained him for the purpose of rendering therapy services to her. The plaintiff has alleged that the defendant induced her to have sexual relations with him, without her consent while she was under his care, and that he told her that it was part of her therapy. The court finds that the alleged acts of the defendant occurred while the defendant was rendering therapy services to a patient and that the rendering of therapy services were actions central to the defendant's trade. See QualityElectric Co. v. Suffolk Construction, Superior Court, Judicial district of Hartford/New Britain at Hartford, Docket No. 518000, CT Page 7544 (June 30, 1993, Hennessey, J.). Therefore, viewing the complaint in the light most favorable to the pleader, the court finds that the single act alleged in the plaintiff's complaint is sufficient to support a CUTPA claim. See Ferryman v. Groton, supra,212 Conn. 142. Accordingly, the defendant's motion to strike count four of the plaintiff's complaint is denied.
HENNESSEY, JUDGE