[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
The plaintiff, Wilbert Shaw, commenced this action against the defendants, West Aspetuck CVS, Inc. and Andrea Feirstein, to CT Page 5024 recover damages for injuries allegedly sustained when he took medication without knowing that it was not his prescribed medication. The plaintiff alleges that his physician prescribed for him the medications Tylenol and Codeine to help alleviate pain for a hip injury he had sustained. The plaintiff's wife took the prescription to the defendant CVS's store in New Milford, Connecticut, where the defendant Feirstein is a licensed pharmacist in charge of dispensing prescription medication. The plaintiff alleges that he did not receive from the defendants the prescribed Tylenol and Codeine, but instead, without his knowledge, he received Tegretol, an anticonvulsant medication. The plaintiff ingested this drug without knowing it was not the prescribed medication and thereby sustained injuries.
The plaintiff filed a six count amended complaint against the defendants. The first count alleges negligence; the second count alleges res ipsa loquitur; the third count alleges negligent infliction of emotional distress; the fourth count alleges recklessness; the fifth count alleges reckless infliction of emotional distress; and the sixth count alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes Sec. 42-110a
et seq.
The defendant now moves to strike the sixth count of the amended complaint alleging a violation of CUTPA on the grounds that the plaintiff has not set forth the requisite elements of a claim under CUTPA. The defendant contends that the plaintiff has merely alleged a single act of misconduct which it claims is insufficient to state a claim under CUTPA. In support of their motion, the defendants filed a memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). When considering a motion to strike, the court admits all facts well pleaded; Id.; and construes the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140,438 A.2d 57 (1980).
The defendants rely on the Connecticut Appellate Court's decision in Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, CT Page 5025613 A.2d 838 (1992) for the proposition that in order to state a CUTPA claim the plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency to indicate a general business practice. Id., 672. Since the plaintiff's complaint alleges only a single act of misconduct, the defendants claim it is legally insufficient to state a CUTPA claim.
The case of Quimby v. Kimberly Clark Corp., however, is inapposite to the case presently before the court. That case involved allegations of violations of CUTPA and the Connecticut Unfair Insurance Practices Act (CUIPA) for an employer's bad faith refusal to pay workers' compensation benefits. Quimby v. KimberlyClark Corp., supra, 28 Conn. App. 662, 671. In Quimby, the court addressed the issue of unfair claims settlement practices under CUIPA. Id., 671-674. Relying on the Supreme Court's holding inMead v. Burns, 199 Conn. 651, 655, 509 A.2d 11 (1986), the court held that in order to allege CUIPA and CUTPA violations successfully, the plaintiff must allege more than a singular failure to settle the plaintiff's claim fairly. Quimby v. KimberlyClark Corp., supra 672. The present case, however, does not involve the settlement of insurance claims, or even the insurance industry. Thus, the holding of Quimby is not relevant to the case presently before the court. See also Larsen Chelsey Realty Co. v.Larsen, 232 Conn. 480, 492-94, ___ A.2d ___ (1995).
The appellate courts of this state have not addressed whether a single act of misconduct can constitute a violation of CUTPA. A number of superior court decisions, however, have addressed this issue. While there is a split of authority, the majority of superior court decisions, including decisions of this court, have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. Garfield v.Mason, 9 CSCR 490 (April 13, 1994, Pickett, J.); Chrysler CreditCorporation v. Berman, Judicial District of Litchfield, Docket No. 057971 (June 10, 1993, Pickett, J.); Palmieri v. Smith, 9 CSCR 891
(July 18, 1994, Hennesey, J.); Michael J. Stula Agency v.Wasniewski, 9 CSCR 159 (January 27, 1994, Austin, J.); but seeDuncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.).
The defendants have presented no reason for this court to depart from its previous holdings on this issue. Therefore, the defendants' motion to strike the sixth count is denied.
PICKETT, J. CT Page 5026