[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiffs, Krissa Becher and Angel Becher, commenced the present action against the defendants, Robert H. Seifel and Denise A. Seifel, on July 11, 1995. The plaintiffs' complaint consists of three counts. In the count of the complaint that is the subject of the motion to strike, count three, the plaintiffs incorporated by reference the allegations of the first count which sounds in negligence. In the first count, the plaintiffs allege that during their occupancy of an apartment rented to them by the defendants, the defendants "created, maintained and concealed a hazardous hidden condition within and without the premises" (First Count ¶ 6); that the defendant knew or in the exercise of reasonable care should have known that various surfaces of the premises that were accessible to children contained lead-based paint (First Count, ¶ 7); and, that plaintiff Krissa Becher suffered elevated lead levels in her blood and the effects thereof as a result of the negligence of the defendants in failing to remedy the alleged defective conditions and in failing to warn the plaintiffs of the presence of lead-based paint in the apartment. (First Count, ¶¶ 10, 12 and 15).
In addition to incorporating the allegations of the First Count, the plaintiffs allege in the third count of their complaint that "[t]he defendants, in leasing the said premises to the plaintiffs, were engaged in trade and commerce." (Third Count, ¶ 16). The third count further alleges that "[t]he aforesaid concealment of and failure to remedy the latent hazardous and unlawful condition of the leased premises by the defendant landlords is an unfair and deceptive practice and constitutes a violation of Connecticut General Statutes §42-110a et seq., the Connecticut Unfair Trade Practices Act." (Hereafter, CUTPA). (Third Count ¶ 17).
On September 5, 1995, the defendants filed a motion to strike the third count of the complaint and the corresponding claims for punitive damages and attorney's fees pursuant to CUTPA. In support of this motion the defendants filed a memorandum of law. On September 12, 1995, the plaintiffs timely filed a "Response to Defendants' Motion to Strike" and "Memorandum of Law In Support of Plaintiffs' Response To Defendants' Motion to Strike." The CT Page 13191 court will treat the plaintiffs "response" as a memorandum in opposition to the motion to strike.
The ground raised by the defendants in the motion to strike is that the third count should be stricken because the plaintiffs have failed to state a cause of action for violation of CUTPA in that the complaint fails to allege a pattern of conduct indicating a course of business practice. In other words, the defendants argue that when a plaintiff seeks to bring a cause of action under CUTPA, the plaintiff must allege more than a single allegation of unfair trade practices. In this case, the defendants argue that the only transaction alleged in the plaintiffs' complaint is a single lease transaction between the parties and thus the CUTPA claim is insufficient. The plaintiffs argue that the they believe the defendants may have owned and rented other premises which contain lead paint but that only further discovery will supply the necessary facts.
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted, internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 238-39 624 A.2d 389 (1993).
"In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board ofEducation, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "[I]f facts provable under the allegations would support a defense or a cause of action, . . . the [motion to strike] must fail." AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 57 (1980). CT Page 13192
The defendants rely on the Connecticut Appellate Court's decision in Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,613 A.2d 838 (1992), for the proposition that in order to state a CUTPA claim the plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice. Id., 672. Since the plaintiffs' complaint alleges only a single act of misconduct, the defendants claim it is legally insufficient to state a CUTPA claim.
The case of Quimby v. Kimberly Clark Corp., however, is inapposite to the case presently before the court[1]. That case involved allegations of violations of CUTPA and the Connecticut Unfair Insurance Practices Act (CUIPA) for an employer's bad faith refusal to pay workers' compensation benefits. Quimby v.Kimberly Clark Corp., supra, 28 Conn. App. 662, 671. In Quimby
the court addressed the issue of unfair claims settlement practices under CUIPA. Id., 671-674. Relying on the Supreme Court's holding in Mead v. Burns, 199 Conn. 651, 655, 509 A.2d 11
(1986), the court held that in order to allege CUIPA and CUTPA violations successfully, the plaintiff must allege more than a singular failure to settle the plaintiff's claim fairly. Quimbyv. Kimberly Clark Corp., supra 672. The present case, however, does not involve the settlement of insurance claims, or even the insurance industry. Thus, the holding of Quimby is not relevant to the case presently before the court. See also Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 480, 492-94, 656 A.2d 1009
(1995).
The appellate courts of this state have not addressed whether a single act of misconduct can constitute a violation of CUTPA. A number of superior court decisions, however, have addressed this issue. While there is a split of authority, the majority of superior court decisions, including decisions of this court, have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. Shawv. Melville Corporation, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 066752 (May 16, 1995, Pickett, J.); Garfield v. Mason, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 061794 (9 CSCR 490, April 12, 1994, Pickett, J.); Chrysler Credit Corporation v.Berman, judicial district of Litchfield, Docket No. 057971 (June 10, 1993, Pickett, J.); Palmieri v. Smith, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CT Page 13193 533684 (9 CSCR 891, July 18, 1994, Hennesey, J.); Michael J.Stula Agency v. Wasniewski, Superior Court, judicial district of New London at New London, Docket No. 526137 (9 CSCR 159, January 26, 1994, Austin, J.); but see Duncan v. Burnside Motors, Inc.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 320602, (2 CSCR 379, February 26, 1987, O'Neill, J.) ("legislature was not considering an isolated event to allow 'civilian attorneys general' to act to correct some business advice.").
In addition, the court in Hardy v. Griffin,41 Conn. Sup. 283, 287 (1989), found that a single lease of a building containing lead paint is a CUTPA violation. Also, several courts have determined that renting property containing lead paint in excess of statutory limitations is a violation of public policy. See Gutierrez v. Jefferson Street Medical Buildings, Inc.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529230 (12 Conn. L. Rptr. 472, 476, October 31, 1994, Hennessey, J.); Tackling v. Shinerman, Superior Court, judicial district of New London at New London, Docket No. 521012 (8 Conn. L. Rptr. 313, February 9, 1993, Teller, J.); Dickersonv. Little, Superior Court, judicial district of New Haven at New Haven, Docket No. 294779 (6 Conn. L. Rptr. 508, June 4, 1992, Gray, J.).
The defendants have presented no reason for this court to depart from its previous holdings on this issue. Therefore, the defendants' motion to strike the third count is denied.
PICKETT, J.