[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Motion to strike first count is denied. Statute of limitations defense must be specially pleaded (Practice Book § 164). The revised complaint alleges fraudulent concealment, para. 10, first count. This court previously ruled, April 3, 1995 that the allegation need not be revised. Further, the defendant's claim of constructive knowledge by the mere filing of a deed on the land records is an evidentiary assertion which does not address the proposition of whether the complaint sets forth a cause of action.
Motion to strike the second count is granted. The complaint fails to allege that the acts complained of were performed in a "trade or business" or "that the defendant engaged in the allegedly wrongful conduct `with such frequency as to indicate a general business practice'". Quimby v.Kimberly Clark Corporation, 28 Conn. App. 660, 669 (1992); MeadCT Page 114v. Burns, 199 Conn. 651, 666 (1986).
The motion to strike the fourth count of the complaint is denied. General Statutes § 52-565, "Double damages for forgery" states "Any person who falsely makes. . ." General Statutes § 53a-137
provides a definition of "falsely makes" in the context of criminal forgery.
 "(4) A person `falsely makes' a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not so either because the ostensible maker or drawer is fictitious, or because, if real, he did not authorize the making or drawing thereof".
The plaintiff claims in the complaint that he did not authorize the drawing up or making of a quit claim deed. The fourth count of the complaint states a cognizable cause of action.
L. PAUL SULLIVAN, J.