[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114)
FACTS
The plaintiff, Diversified Financial Systems, Inc., commenced the present action to collect a debt against the defendant, Morrow D. Mushkin, by service of a writ of summons and complaint on the defendant on July 6, 1995. On November 14, 1995, the defendant, appearing pro se, filed an answer, special defenses and a one count counterclaim alleging that the defendant's predecessor in interest, Brookfield Bank, acted in an "unfair or deceptive manner within the meaning of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. by adding an unfair claim of guaranty of the debt of another." (Defendant's Counterclaim).
On December 29, 1995, the plaintiff filed a motion to strike the defendant's counterclaim pursuant to Practice Book § 152(3). As required by practice book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
The sole issue raised by the plaintiff is whether the allegations of the defendant's counterclaim are sufficient to state a cause of action for violation of CUTPA. The plaintiff argues that the motion to strike should be granted because the counterclaim fails to allege a pattern of conduct indicating a course of business practice and as such is legally insufficient and should be stricken. The plaintiff also seeks to strike the defendant's prayer for relief should the CUTPA claim be stricken. The plaintiff's argument is that if the CUTPA claim is stricken so too should the prayer for relief be stricken. Additionally, the plaintiff briefly argues that the prayer for relief seeking dismissal of the complaint is more appropriately raised by a motion to dismiss. CT Page 3174
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). A party may move to strike a prayer for relief and should prevail if, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4,478 A.2d 257 (1984).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." (Citations omitted.)S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. . . ." (Citations omitted.)Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
The plaintiff relies on the Connecticut Appellate Court's decision in Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,613 A.2d 838 (1992), for the proposition that in order to state a CUTPA claim a plaintiff must allege that a defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice. Id., 672. The plaintiff argues that because the defendant's counterclaim alleges what appears to be only a single act of misconduct, the plaintiff claim is legally insufficient and should be stricken.
The case of Quimby v. Kimberly Clark Corp., supra, 28 Conn. App. 660, CT Page 3175 however, is inapposite to the case presently before the court. That case involved allegations of violations of CUTPA and the Connecticut Unfair Insurance Practices Act (CUIPA) for an employer's bad faith refusal to pay workers' compensation benefits.Quimby v. Kimberly Clark Corp., supra, 28 Conn. App. 662, 671. InQuimby, the court addressed the issue of unfair claims settlement practices under CUIPA. Id., 671-674. Relying on the Supreme Court's holding in Mead v. Burns, 199 Conn. 651, 655, 509 A.2d 11
(1986), the court held that in order to allege CUIPA and CUTPA violations successfully, the plaintiff must allege more than a singular failure to settle the plaintiff's claim fairly. Quimby v.Kimberly Clark Corp., supra 672. The present case, however, does not involve the settlement of insurance claims, or even the insurance industry. Thus, the holding of Quimby is not relevant to the case presently before the court. See also Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 480, 492-94, 656 A.2d 1009 (1995).
The appellate courts of this state have not addressed whether a single act of misconduct can constitute a violation of CUTPA. A number of superior court decisions, however, have addressed this issue. While there is a split of authority, the majority of superior court decisions, including decisions of this court, have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. Becher v.Seifel, Superior Court, judicial district of Litchfield, Docket No. 068680 (November 27, 1995, Pickett, J., 2 Conn. Ops. 6); Shaw v.Melville Corporation, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 066752 (May 16, 1995, Pickett, J.); Garfield v. Mason, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 061794 (9 CSCR 490, April 12, 1994, Pickett, J.); Chrysler Credit Corporation v. Berman, judicial district of Litchfield, Docket No. 057971 (June 10, 1993, Pickett, J.); Palmieri v. Smith, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533684 (9 CSCR 891, July 18, 1994, Hennesey, J.); Michael J. Stula Agency v.Wasniewski, Superior Court, judicial district of New London at New London, Docket No. 526137 (9 CSCR 159, January 26, 1994, Austin, J.); but see Duncan v. Burnside Motors, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 320602, (2 CSCR 379, February 26, 1987, O'Neill, J.) ("legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business advice.").
The plaintiff has presented no reason for this court to depart from its previous holdings on this issue. Therefore, the CT Page 3176 plaintiff's motion to strike the defendant's counterclaim is denied.
The plaintiff also sought to have the claim for relief stricken in the event that the motion to strike was granted or in the alternative moved the court to strike the claim for relief seeking dismissal of the plaintiff's complaint. The plaintiff argued that a motion to dismiss was the appropriate vehicle to seek dismissal of the complaint. The court agrees. The defendant's prayer for relief sets out four demands, the first of which is dismissal of the action. The portion of the prayer for relief seeking dismissal of the plaintiff's complaint is stricken.
In summary, the plaintiff's motion to strike the counterclaim is denied and that portion of the motion to strike the prayer for relief seeking dismissal to the plaintiff's complaint is granted.
PICKETT, J.