[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In his complaint plaintiff alleges that on or about December 16, 1989, in consideration of the premium specified, defendant Bankers Life Casualty issued a policy of health insurance to him; that on or about March 29, 1991 he underwent coronary bypass surgery; that he submitted bills for this procedure to the defendant; and that the defendant has refused to provide the benefits.
The first count alleges breach of contract. The second count alleges a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"). The third count alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The fourth count seeks a declaratory judgment.
The defendant in its Special Defense claims that plaintiff made material misrepresentations in his application to the insured, that the misrepresentations affected the risk assumed by the defendant on the policy, and that said misrepresentations serve to nullify the insurance policy.
The defendant has moved for summary judgment. CT Page 5184
The motion for summary judgment is denied as to count one. The plaintiff testified at his deposition that he provided a Bankers Life representative by telephone with all of the medical information which he asked for. Such testimony raises a question of fact. The motion for summary judgment is granted as to counts two and three for the reasons set forth in Mead v. Burns, 199 Conn. 651 (1986); Quimby v. KimberlyClark Corporation, 28 Conn. App. 660 (1992).
Allen, State Trial Referee