[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7637
The plaintiff, Shoreline Bank Trust Company ("bank"), has moved to strike the counterclaim of the defendant, Ferguson 
McGuire, Inc., alleging a violation of the Connecticut Unfair Trade Practice Act ("CUTPA").
The movant alleges two grounds: first, that the transaction described is not, as a matter of law, an unfair trade practice as defined by CUTPA; and second, that CUTPA is inapplicable to the commercial transactions of banks.
In the challenged counterclaim, the defendant alleges that on December 1, 1991, it purchased certain assets from Tigner Insurance Agency, Inc. and that the bank knew of the proposed purchase, knew that the buyer believed the assets were unencumbered by any lien, and failed to inform the buyer of the bank's claim that it had a security interest in the asset at the time that the buyer discussed the purchase with agents of the bank.
The claim of the plaintiff bank is to enforce the security interest in personal properly which it asserts is now in the defendant's possession, no release of the bank's interest having been obtained in connection with the sale to the defendant.
The defendant has not asserted that it was a customer of the bank in the purchase of the Tigner assets; rather, its complaint appears to be that the bank had a duty to a noncustomer to disclose its security interest in the personal property that the defendant was contemplating purchasing. The counterclaim does not identify any claimed source of a duty by the bank to furnish the defendant with information.
The Connecticut Supreme Court has not yet decided whether, in the absence of an exclusion tracking the exclusion in the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) et seq., CUTPA applies to the transaction of banks. Gaynor v. Union Trust Co., 216 Conn. 458,482-3 (1990).
It is unnecessary for this court to enter the debate on that issue because the counterclaim fails to identify conduct actionable as an "unfair or deceptive act or practice in the conduct of any trade or commerce." See General Statutes § 42-110b. "Trade" and "commerce" are defined in General Statutes § 42-110a(4) as "the CT Page 7638 advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state."
In its counterclaim, the defendant has identified none of the relationships or acts defined as § 42-110a(4) as "trade" or "commerce", but seeks to extend CUTPA to a transaction which is at most alleged to have been a discussion of the defendant's intention to enter a transaction with a third party. The bank is not alleged to have been offering services or any tangible assets to the defendant, rather it is accused of failing to volunteer information without any allegation that there were circumstances giving rise to some duty to do so.
CUTPA is limited to its term and its definitions Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 85 (1990) . InBurkert, 216 Conn. 85, the Supreme Court noted that CUTPA "applies, by its terms, only to parties that have engaged in the advertising, selling renting, leasing, or distribution of goods." Finding that the defendant against whom the CUTPA claim had been asserted was the licensor of a trade mark under which a claimed defective product was marketed, the Court found that CUTPA did not apply because "GM was in no way involved in the sale, renting, leasing or distribution of the defective transmission fluid in this case."Id.
Similarly, the Appellate Court in Quimby v. Kimberly ClarkCorp. , 28 Conn. App. 660, 669 (1992) ruled that the acts of a business entity in it capacity as an employer are not subject to CUTPA even though employing people may be seen as part of the usual activities of a business.
The bank in the case before the court is not alleged to have been engaged in a transaction with the defendant nor is the bank alleged to have been providing information concerning encumbrances as a service. The allegations of the counterclaim do not relate the event complained of to the bank's "trade" or "commerce" as defined in § 42-110a(4).
The wording of General Statutes §§ 42-110a(4) and 110b(a) and the interpretations of Burkert and Quimby lead this court to conclude that the counterclaim does not state a cause of action under CUTPA. CT Page 7639
The motion to strike the counterclaim is granted.
Beverly J. Hodgson Judge of the Superior Court