[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs' action against the defendant claims, in count one, breach of contract in failing to pay a claim under a fire insurance policy. By virtue of count two, the plaintiffs claim damages for alleged breach of "CUIPA", Connecticut Unfair Insurance Practices Act, General Statutes § 38-816 et seq. By virtue of count three, the plaintiffs claim breach of "CUTPA" Connecticut Unfair Trade Practices Act, General Statutes §42-110b.
The defendant moves to strike counts two and three. The defendant bases its motion upon its assertion that the CUIPA claim is based upon insufficient allegations, to wit it claims that the commission of two or more unfair claim settlement practices in relation to only one insurance claim is insufficient to constitute a CUIPA claim.
The plaintiffs, in the third count, CUIPA, paragraph 15, state, "The defendant engaged in action of the nature set forth above in connection with the plaintiffs' claim and the claims of others with such frequency as to, indicate a general business practice of . . ."
 "In order to allege properly a CUIPA violation, the plaintiff must allege, inter alia, that the defendant engaged in the allegedly wrongful conduct with such frequency as to indicate a general business practice." CT Page 14590
Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 669
(1992).
The plaintiffs have properly pleaded the third count of the complaint, CUIPA. The motion to strike the third count of the complaint is denied.
As to the second count of the complaint, CUTPA, the defendant contends that because the third count of the complaint (CUIPA) must be stricken, then the second count of the complaint, CUTPA, must be stricken. The defendant's citation ofMead v. Burns, 199 Conn. 651 (1986) does not lead to the result claimed by the defendant. Although it may be so that if the facts alleged would not support a CUIPA claim they would also not support a CUTPA claim (Mead v. Burns, supra, p. 666). However, it is not so that where the facts would support both claims the CUTPA claim fails and must be stricken.
 "We now expressly hold, as have a number of trial courts in this state, that the legislature has manifested an intention to make insurance practices the subject of two regulatory statutes, CUIPA and CUTPA."
Mead v. Burns, supra, p. 663.
The second part of the argument as pertains to the CUTPA claim is to the effect that "allegations in regard to a single transaction are insufficient to support a CUTPA claim." Paragraph 12d of the second count, CUTPA, states" . . . has denied this claim and other claims to make the company more attentive to prospective buyers." Contrary to the assertion of the defendant, the plaintiffs have not alleged only a single transaction in this count.
The motion to strike the second count of the complaint is denied.
L. PAUL SULLIVAN, J. CT Page 14591