[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, Concom, Inc., filed a revised, four count complaint on May 2, 1996, against the defendant, Redman Sport, Inc., alleging that the defendant breached its agreement by failing to pay the plaintiff for television production services. The complaint asserts breach of contract, quantum meruit, unjust enrichment, and Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. The defendant filed a motion to strike (#117) the fourth count alleging a violation of CUTPA on June 3, 1996. The plaintiff filed a memorandum in opposition dated September 9, 1996, and the plaintiff filed a reply memorandum on September 16, 1996.
DISCUSSION
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The plaintiff asserts that the defendant has failed to state a claim under CUTPA in that the complaint does not allege more than a simple breach of contract and therefore does not plead unfair or unscrupulous practices, and the plaintiff fails to allege that the acts took place in the conduct of trade or CT Page 5495-KK business.
General Statutes § 110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. General Statutes § 42-110b(d); Web Press Services Corp. v.New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987). "CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection." Heslin v. ConnecticutLaw Clinic of Trantolo Trantolo, 190 Conn. 510, 515,461 A.2d 938 (1983).
"In determining whether a practice violates CUTPA, we use the following criteria: `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers[,] competitors or other businessmen.'" Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 254, 550 A.2d 1061 (1988).
Superior Court cases have held that a "simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the act."Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951, rev'd on other grounds31 Conn. App. 455, 626 A.2d 307 (1993); Serino v. BransonUltrasonics, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320804 (August 3, 1995,. Thim, J.); Set toFit Realty v. First Stamford Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 119612 (April 19, 1994, Lewis, J.). However, "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Lester v. Resort CamplandsInternational, Inc., 27 Conn. App. 59, 71, 605 A.2d 550 (1992).
In the fourth count, the plaintiff alleges that it undertook the performance of work beyond the scope of the services called for under the agreement at the last minute and in reliance on CT Page 5495-LL defendant's representations that it would pay for additional costs, and the plaintiff canceled related projects due to the defendant's actions (¶ 10-11). These allegations do no more than allege a breach of contract. However, the plaintiff also alleges that the defendant "circulated within the communications industry false and misleading accusations regarding the quality of the plaintiff's work" (¶ 12). The plaintiff argues that holding a customer liable for its complaints about the quality of services would have a chilling effect on consumers, and is at odds with the purpose of CUTPA, which is to protect consumers. The conduct alleged could be sufficient to state a CUTPA violation were they made by the vendor, but as more fully discussed below, the person engaging in the practice was not the provider of goods or services.
The defendant argues that the plaintiff fails to plead that the unfair trade practices were committed in the course of defendant's conduct of trade or commerce in Connecticut. General Statutes § 42-110a(4) provides, "`[t]rade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." Addressing whether CUTPA applies in an employment relationship, the court in Quimby v. Kimberly Clark Corporation,28 Conn. App. 660, 670, 613 A.2d 838 (1992) held that the plaintiff must allege that the defendant advertised, sold, leased or distributed services or property to the plaintiff. See alsoRR Pool Patio v. Angela Marron, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146022 (Dec. 20, 1995, Hickey, J.) (holding that a consumer is not engaged in trade or commerce within the meaning of CUTPA). The plaintiff alleges that the defendant entered into an agreement in which the plaintiff agreed to provide the defendant with television production services, but did not allege that the defendant provided goods or services. The plaintiff argues that the transaction occurred in the conduct of the defendant's trade or business. However, the complaint only alleges that the defendant is a corporation, and does not identify its trade or business. Accordingly, the to strike is granted.
MINTZ, J. CT Page 5495-MM