[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO STRIKE (#107)
The defendant moves to strike the Third and Fourth Counts of the plaintiff's complaint.
The Third Count alleges a violation of Connecticut General CT Page 8081 Statutes § 38-60 (now codified as § 38a-815 et seq.), the Connecticut Unfair Insurance Practices Act (hereinafter "CUIPA"). The gravamen of the Third Count is found in paragraphs 10 and 11 which state as follows:
 10. The Defendant failed to fully investigate the facts surrounding the loss and the possible source thereof.
 11. The Defendant could have and should have more fully investigated this loss but with a reckless indifference to the right of the Plaintiff and/or intentionally violated the rights of the Plaintiff.
These allegations do not sustain a valid CUIPA claim. In order to maintain a CUIPA violation, it is essential that a plaintiff allege that the defendant engaged in wrongful conduct "with such frequency as to indicate a general business practice."Quimby v. Kimberly-Clark Corporation, 28 Conn. App. 660, 669
(1992). In Mead v. Burns, 199 Conn. 651 (1986), the court said "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Id.
The plaintiff has not alleged that the defendant engaged in misconduct as a general practice. Accordingly, the objection to the motion to strike the Third Count is overruled.
In the Fourth Count, the plaintiff claims that the alleged violation of CUIPA violates Connecticut General Statutes Section42-110a, the Connecticut Unfair Trade Practice Act (hereinafter "CUTPA"). This count is also legally insufficient. Isolated instances of insurance misconduct do not sustain a CUTPA violation. Mead v. Burns, supra. Accordingly, the objection to the motion to strike the Fourth Count is overruled.
/s/ Sandra Vilardi Leheny , J. SANDRA VILARDI LEHENY