[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants move to strike the Eighth and Ninth Counts of the plaintiff's second amended complaint and the prayer for relief related thereto, which allege a violation of the Connecticut Unfair Trade Practices Act, (CUTPA), Connecticut General Statutes § 42-110 et seq.
The defendants claim two grounds for the motion. First, they claim the plaintiff has alleged only one alleged unfair act and that the allegation of a single act is insufficient to support a CUTPA claim. Second, they claim the alleged acts arise out of an employee-employer relationship and are outside the scope of §42-110a et seq.
The Court agrees with the latter argument and grants the motion to dismiss the eighth and ninth counts of the second amended complaint. CT Page 12246
The allegations of the second amended complaint establish that the dispute between the parties arises out of the employment relationship between the plaintiff in his capacity as an employee of the defendant Dynamic Metal Products Company, Inc. The plaintiff alleges breach of an employment contract; breach of a "non-competition agreement", non-payment of a promissory note which defendant Company entered into with the plaintiff who held the title of President of Manufacturing. (The individual defendants were allegedly guarantors on the note); and misrepresentation made by the defendants.
Any agreements, contracts or representations are related to the plaintiff's employment relationship with the defendant or defendants. Characterizing the relationship differently does not alter its essential nature as one of arising out of an employment relationship, and such a relationship is not deemed trade or commerce for the purpose of CUTPA. Quimby v. Kimberly ClarkCorp., 28 Conn. App. 660 (1992). As the Quimby court noted ". . . this case is not between a consumer and a commercial vendor, but rather between an employer and an employee."
There is no viable CUTPA claim under the allegations of the second amended complaint. Accordingly, the Motion to Strike the Eighth and Ninth Counts and the Prayer for Relief related to said counts is granted.
Klaczak, J.