[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #106
The defendant filed this Motion to Strike which was denied without a written memorandum on July 28, 1997, by Holden, J. A motion to reargue would ordinarily be referred back to Judge Holden, but because of the present demands of his juvenile assignment he consented to refer the matter to the undersigned. This Court has granted the motion to reargue and will reopen the denial this Motion entered by Judge Holden and will consider the Motion de novo.
The defendant seeks to strike Counts two and three of the complaint. Count two is a common law claim for the alleged wrongful discharge and count three is a claim made under CUTPA. The defendant argues that the first count brought under Conn. Gen. Stat. Sec. 31-290a is the statutory equivalent to the common law claim alleged under Count two and therefore the common law claim should be stricken as duplicative. There is a split of authority in this court as to this issue and this court will adopt the reasoning of those judges that permit the common law count in addition the statutory allegations. see Grmek v. Lewis, Superior Court, Judicial District of Middlesex, Docket No. 064149, May 28, 1992 (Austin.J.); Shearn v. Airborn Freight, Superior Court, Judicial District of Stamford? Docket No. 0134795, May 12, 1994 (Lewis, J.)
As to the third count alleging a CUTPA violation the Court agrees with the plaintiff that under Quimby v. Kimberly Clark Corporation "the employer — employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA." 28 Conn. App. 660, 670 (1992)
The Court will therefore deny the Motion to Strike Count two of the Complaint and grant the Motion to Strike Count three
PELLEGRINO, J. CT Page 8056