[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On the motion calendar of February 28, 2000, column 8, position 77, motion #105 to strike filed by the defendants, Century 21 Roman Realty, Inc., Roman Realty, Inc. and Victor Roman, appeared. See Practice Book § 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269a, 270, 709 A.2d 558 (1998).
This motion was directed at the second count of the complaint filed by the plaintiff, Renaldo C. DaSilva, and two paragraphs of the prayers for relief based on said count. The motion claimed that the second count, which purported to set forth a cause of action based on an alleged violation of General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA), failed to set forth a proper claim under that statute because it did not include an allegation that the actions of the defendants "were performed in a trade or business."
General Statutes § 42-110b (a) provides that: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Citation omitted; internal quotation marks omitted.)Permanent v. Green, 32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "Trade or commerce, in turn, is broadly defined as the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." (Citation omitted; internal quotation marks omitted.) SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 42, 717 A.2d 77 (1998).
In Quimby v. Kimberly-Clark Corp., 28 Conn. App. 660, 669,613 A.2d 838 (1992), the complaint alleged a CUTPA violation based on the defendant's failure to pay benefits in a timely manner, to investigate reasonably and promptly the plaintiffs claim and to enter into a reasonable resolution of the plaintiffs claim. The court held that the aforementioned allegations were insufficient to support a CUTPA cause of action because the plaintiff did not allege that the defendant committed the acts "in the conduct of any trade or commerce." (Internal quotation marks omitted.) Id., 670. The court further held that the allegations were insufficient because the plaintiff did not allege that the defendant advertised, sold, leased CT Page 5383 or distributed any services or property to the plaintiff. Id.
In this case, the plaintiff alleges in the second count of his complaint that the defendants induced banks and mortgage lenders to rely on the identity of certain imposters posing as bona fide applicants for mortgages. The plaintiff further alleges in this count that such activities on the part of the defendants violated CUTPA because the plaintiffs signature on certain legal documents had been forged by one or more of the defendants, thus impairing the plaintiffs credit and causing him substantial injury.
These allegations are insufficient to state a cause of action under CUTPA because the plaintiff has failed to allege that the defendants' acts occurred "in the conduct of any trade or commerce." General Statutes § 42-110b (a). Therefore, the defendants' motion to strike the second count of the complaint as well as paragraphs 2 and 3 of the prayers for relief is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of May, 2000.
____________________
William B. Lewis, Judge