[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' GIRARD MITSUBISHI, LEO ANTONIO AND BRIAN GATES MOTION TO STRIKE
Eight plaintiffs have brought this lawsuit against Girard Mitsubishi, Leo Antonio and Brian Gates, employees thereof and Mitsubishi Motors Sales of America, Inc. The plaintiffs allege that they were employed as car salesmen for the defendant Girard Mitsubishi. Six of the plaintiffs allege that they are African-American males. One alleges that he is of Puerto Rican descent and one plaintiff claims no national origin. Counts five, six and seven are directed against the defendant Mitsubishi Motor Sales of America, Inc. The balance of the counts are directed against Girard Mitsubishi; Leo Antonio, who it is alleged owns, operates, supervises, controls and/or manages Girard Mitsubishi; and Brian Gates, the general manager of Girard Mitsubishi. Those defendants move to strike counts two, three, eight and counts ten through seventeen for the reasons set forth in their revised motion to strike dated May 24, 2002.
Count Two
Count two alleges that certain conduct by the named defendants constitutes fraud and/or misrepresentation. The complaint does not allege any facts upon which a finding of fraud or misrepresentation could be made, namely the false misrepresentation of a known fact made to induce the other party to act upon it and that the plaintiffs did in fact act upon it to their injury. See e.g. Billington v. Billington, 220 Conn. 212
(1991); Miller v. Appleby, 183 Conn. 51 (1981). The motion is granted as to count two.
Count Three
Count three is an action claiming a violation of CUTPA. It's established law in this state that the employment relationship itself is not trade or commerce for the purposes of CUTPA. The claim is that the plaintiffs did not return certain "spin money" that they were required to CT Page 2578-dj receive as a term of their employment. This claim which arises out of the employer-employee relationship cannot be sustained under CUTPA. Quimbyv. Kimberly Clark Corporation, 28 Conn. App. 660 (1992). The motion is granted as to count three.
Count Eight
Count eight is a claimed racial discrimination claim pursuant to C.G.S. § 46a-60. Motion to strike is granted because the claim is deficient in that it does not allege predicate facts on which a recovery must be based, namely that the plaintiff was qualified for the position in question; that despite the qualifications, he suffered an adverse employment decision; and that that decision was made under certain circumstances to give rise to an inference of discrimination. See Levyv. Connecticut CHRO, 236 Conn. 96 (1996). Although the plaintiffs allege that they are a member of a protective class, the other elements are missing. Furthermore, Mr. Washington's claims against Mr. Gates and Mr. Antonio are insufficient as a matter of law. It has been held that the racial discrimination provisions provided in C.G.S. § 46a-60 do not impose civil liability against the individual employees. See Perodeau v.City of Hartford, 255 Conn. 729 (2002). The count must be stricken as far as it seeks relief from Mr. Antonio and Mr. Gates for this reason.
Counts Ten, Eleven, Thirteen, Fourteen, Fifteen, Sixteen and Seventeen
These counts purport to set forth a claim of intentional infliction of emotional distress. In order to recover for claims of intentional infliction of emotion distress, the plaintiff must establish four facts; 1) the actor intended to inflict emotional distress so that he knew or should have known that emotional distress was the likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress suffered was severe. The instant complaint does not allege that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was likely to result from their conduct. Petyan v. Ellis, 200 Conn. 243
(1986).
Counts ten, eleven, thirteen, fourteen, fifteen, sixteen and seventeen are stricken on this basis.
Those counts are also deficient in that the plaintiffs have not exhausted their administrative remedy as provided in Connecticut's Fair Employment Practices Act which mandates that such a claim be filed with the CHRO, C.G.S. § 46a-60. The plaintiffs have failed to exhaust CT Page 2578-dk their administrative remedies. These counts are also deficient because they only contain one of the four required allegations to establish a prima facie claim of racial discrimination under § 46a-60. See Discussion, supra.
Defendants claim that these counts are barred because plaintiffs failed to file a CHRO complaint within 180 days of the alleged act of discrimination as required by C.G.S. § 46a-82. The court will deny the motion to strike on this ground because there is no factual basis on which the court can determine when the 180-day period started to run.
Count Twelve
In count twelve the plaintiff, James Clanton, alleges that the defendant, Gates, made false and defamatory statements claiming that he stole a vehicle and calling him racial and derogatory names. The count does not allege publication of the claimed false and defamatory statement. Publication is necessary to establish the cause of action. Count twelve is stricken. See Meehan v. Yale New haven Hospital,1996 W.L. 168055 Superior Court (Hartmere, J.) (1996) (16 Conn.L.Rptr. 437).
Conclusion
The plaintiff's complaint shall be stricken to the extent determined herein.
McLachlan, J. CT Page 2578-dl